(No. 13589.—Decree affirmed.)

INEZ H. STEVENS *et al.* Appellees, *vs.* ARTHUR C. VANBROCKLIN *et al.*—(CECIL STEVENS *et al.* Appellants.)

*Opinion filed December 21, 1920.*

1. WILLS—*when a remainder is vested and when contingent.* A remainder is vested when it stands ready throughout its continuance to take effect in possession whenever and however the preceding estate of freehold determines, and a remainder is contingent when it is limited to take effect upon an event which may happen either before or at the time of or after the termination of the particular estate of freehold.

2. SAME—*when remainders are alternative or depend on contingency with a double aspect.* Remainders are said to run concurrently and are spoken of as alternative remainders or remainders on a contingency with a double aspect where the disposition of the property is made in the alternative, the one to take effect only in case the other does not and in substitution of it.

3. SAME—*when the remainder is contingent and destructible.* Where a testator devises an estate to his daughter "as long as she and her husband, H. W. Stevens, live," with a remainder in fee to the daughter should the husband die first but in equal shares to the daughter's children and her husband should she die first, the persons to take cannot be ascertained until the particular estate terminates by the death of either the daughter or the husband, and the future estate limited to depend upon the particular estate is not an executory devise but an alternative contingent remainder, which is destructible under the rule of merger.

APPEAL from the Circuit Court of Stephenson county; the Hon. ROBERT K. WELSH, Judge, presiding.

CHARLES H. GREEN, guardian *ad litem*, (ALBERT KALES, of counsel,) for appellants.

LOUIS H. BURRELL, and HAROLD D. JAMES, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Henry O. VanBrocklin died testate October 6, 1915, the owner in fee simple of the land here in controversy. By his will he made certain bequests to his wife, his two daughters and his grandchildren, and then gave to his wife a life estate in the residue of his estate. He then disposed of the remainder of his estate by the provisions of clause 6 of his will, the construction of which gives rise to this litigation. Stripped of verbiage which has nothing to do with its construction this clause provides:

"VI.—(a) Upon the death of my wife * * * I give and bequeath to Inez H. Stevens the income from one-third of the residue of my estate * * * as long as she and her husband, H. W. Stevens, live, and in the event of his death I give, bequeath and devise to my said daughter, Inez H. Stevens, to be hers absolutely, one-third of said residue of my estate, * * * and in the event of her death prior to that of her husband, I give, bequeath and devise said one-third of the residue of my estate to the children of my said daughter and her husband, H. W. Stevens, to be divided among them equally.

"(b) I give and bequeath to my son, Arthur C. VanBrocklin, the income from one-third of said residue of my estate * * * as long as he and his wife, Edna M. VanBrocklin, live together as husband and wife; and in the event of her death, or if in any other way she ceases to be his wife, I give, bequeath and devise to my said son, Arthur C. VanBrocklin, to be his absolutely, one-third of said residue of my estate, and in the event of his death prior to

that of his wife, I give, bequeath and devise said one-third of the residue of my estate to the children of my said son, to be divided among them equally.

"(*c*) And I give, bequeath and devise to my daughter, Ivy A. Goodsell, to be hers absolutely, one-third of said residue of my estate."

Testator left him surviving as his only heirs-at-law his three children, Inez H. Stevens, Arthur C. VanBrocklin and Ivy A. Goodsell. Inez H. Stevens was married to H. W. Stevens, who is still living. Arthur C. VanBrocklin was married to Edna M. VanBrocklin, and they are still living together as husband and wife. At the time of testator's death Inez H. Stevens had three children: Thelma, who died intestate October 17, 1918, and Cecil and Lillian. Arthur C. VanBrocklin had one child, Anna. For the purpose of destroying what they contend are contingent remainders created by clause 6, testator's heirs and the life tenants conveyed their interests to Carrie G. Niles, and she in turn conveyed all her interests to testator's three children. These children by this proceeding seek to partition the real estate in question and have made the three minor grandchildren defendants. The chancellor by his decree found that the interests of the grandchildren, as shown by the sixth clause of the will, were contingent remainders, and that they had been destroyed by the premature termination of the life estates by merger. The decree awarded partition in accordance with the prayer of the bill, and the minors by their guardian *ad litem* have prosecuted this appeal to review that decree.

The sole question to be determined is whether the interests created by clause 6 of the will are such as are subject to the rule of destructibility of contingent remainders. Appellants contend that their interests are not common law contingent remainders but are shifting executory devises. They contend that clause 6-(*a*) of the will gives their mother (Inez) a life estate for the joint lives of herself

and her husband with a vested remainder in fee in her, sub-
ject to be divested if she dies before her husband, in which
case there is a shifting executory devise over to them.  Ap-
pellees contend that clause 6-($a$) gives Inez a life estate as
long as she and her husband live, to be terminated by the
death of either one, with alternate contingent remainders in
fee, first, in Inez in the event of the death of her husband
prior to her death; and second, in the children of Inez and
her husband in the event of the death of Inez prior to the
death of her husband.

Under the feudal land law, future interests, after a par-
ticular estate of freehold which left a gap between the ter-
mination of the freehold and the taking effect in possession
of the future interest, were invalid.  This was principally
because such a gap would leave no one in actual seizin of
the land and therefore no one to perform the feudal dues.
On the other hand, those future interests which were cer-
tain to take effect in possession whenever and however the
preceding estate of freehold terminated were unobjection-
able, because there was no possibility of the fatal gap.  Up
to 1430 the mere possibility that a gap might occur be-
tween the termination of the particular estate of freehold
and the future interest was sufficient to cause the future
interest to be wholly void.  About this time the courts re-
laxed the rule of invalidity of contingent future interests
after freeholds by holding that if the event upon which the
contingent future interests were limited to take effect in pos-
session happened before or at the time of the termination
of the particular estate of freehold, so that no gap actually
occurred, the future interest would be valid and take ef-
fect as limited.  (Kales on Estates and Future Interests,—
2d ed.—sec. 28.)  Thus there arose a distinction between
vested and contingent remainders.  A remainder was vested
when it stood ready throughout its continuance to take ef-
fect in possession whenever and however the preceding es-
tate of freehold determined.  A remainder was contingent

when it was limited to take effect upon an event which might happen either before or at the time of or after the termination of the particular estate of freehold. Butler, in his notes to Fearne on Remainders, (vol. 1, p. 9, note *g*,) defines a contingent remainder as follows: "All contingent remainders appear to be so far reducible under one head that they depend for their vesting on the happening of an event which by possibility may not happen during the continuation of the preceding estate or at the instant of its determination." "A remainder is vested when throughout its continuance the remainder-man and his heirs have the right to the immediate possession whenever and however the preceding estates determine; or, in other words, a remainder is vested if, so long as it lasts, the only obstacle to the right of immediate possession by the remainder-man is the existence of the preceding estates; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estates. By the application of this criterion it will be found that whenever a remainder is limited to a person not *in esse* or not ascertained, or whenever it is limited so as to require the occurrence of some dubious, uncertain event independent of the determination of the preceding estate, and the duration of the estate limited in remainder to give it a capacity of taking effect, the remainder is contingent." (23 R. C. L. 504.)

It is not difficult to define remainders and to point out the difference between a vested and a contingent remainder, but the application of these definitions to specific cases is quite frequently attended with much difficulty. In the instant case it is quite apparent that the testator meant to bar his son-in-law and his daughter-in-law from any beneficial interest in his estate. By clause 6-(*a*) of his will he gives to his daughter a life estate measured by the joint lives of her and her husband,—that is, by the joint lives of the life tenant and of another whom the testator intended should never have any beneficial interest in his es-

tate. As long as the life tenant and her husband live, the
enjoyment of the future interests limited to take effect at
the termination of the particular estate will be postponed.
The particular estate will be terminated at the death of
either the life tenant or her husband. Applying the defi-
nitions of a vested remainder hereinbefore given, can it be
said that the future interest of Inez H. Stevens created by
clause 6-(*a*) of the will is a vested remainder? We think
not. If the particular estate is terminated by her death the
future interest does not vest in her or her heirs but vests
by force of the provisions of clause 6-(*a*) in her children.
By this clause there is limited after the particular estate
two future interests of equal value. These limitations are
not expectant upon each other and the one will not take
effect after the other, but they are contemporaneous. They
both commence from the same period,—not together,—but
the one to take effect in lieu of the other if that fails. If
the particular estate is terminated by the death of H. W.
Stevens the remainder vests in Inez H. Stevens, but if the
particular estate terminates by the death of Inez H. Stevens
it vests as we have heretofore stated. Remainders of this
character in which the disposition of the property is made
in the alternative, the one to take effect only in case the
other does not and in substitution of it, are said to run
concurrently, and are commonly spoken of as alternative
remainders or remainders on a contingency with a double
aspect. 1 Fearne on Remainders, 373; 1 Tiffany on Real
Prop.—2d ed.—sec. 142; *Furnish* v. *Rogers,* 154 Ill. 569;
*Smith* v. *Chester,* 272 id. 428; *Friedman* v. *Friedman,* 283
id. 383.

It is contended by appellants that the phrase, "in the
event of his death I give, bequeath and devise to my said
daughter," does not introduce a condition precedent to the
taking effect of the remainder in fee in Inez, but is merely
the conventional method of saying that when the estate for
the joint lives of Inez and her husband ends by the death

of the husband Inez shall have the remainder in fee, with the result that the remainder must be vested. This construction fails to consider the alternate contingency if the particular estate ends by the death of Inez, in which case her children take the remainder in fee. The entire clause must be construed together to determine its meaning. This case does not present a situation the same as if the limitations were to A for life and at A's death to B in fee. In such case it has been held that the phrase "at A's death" means whenever and however A's life estate may terminate. This case is the same as if the limitations were to A for the joint lives of A and B, and in the event of the death of B then to A, and in the event of the death of A before the death of B then to C. It will be seen that there is an alternative limitation in this illustration and that it cannot be determined whose death will terminate the particular estate, and therefore the event upon which the remainder is limited to take effect is dubious and uncertain, and the persons to take cannot be ascertained until the event terminating the particular estate has occurred. Such a remainder is contingent. *Haward* v. *Peavey,* 128 Ill. 430; *Phayer* v. *Kennedy,* 169 id. 360; *Thompson* v. *Adams,* 205 id. 552.

Appellants further contend that it is not permissible to imply a condition precedent in form that the remainder-man survive her spouse, from a gift over which is to take effect upon the fulfillment of a condition subsequent in form that the remainder-man die before her spouse. If this particular estate was measured by the life of H. W. Stevens, alone, with remainder in fee to Inez at his death and with a gift over to their children if Inez was dead at the time of his death, then the contentions of appellants could be sustained, but in this case the husband is not the life tenant nor is the life estate measured by the husband's life. The life estate is created to exist so long as the life tenant and a stranger to the life estate both live, and upon the death of either the life tenant or the stranger the life

estate terminates.    Here we have a particular estate created capable of supporting a remainder, and in such case the future estate limited to depend on it must be construed as a contingent remainder and not as an executory devise. (1 Fearne on Remainders, 386; 1 Tiffany on Real Prop.—2d ed.—sec. 165; Tiedeman on Real Prop.—2d ed.—sec. 535.)

In *Gray* v. *Shinn,* 293 Ill. 573, the testator devised to his widow all of certain lands for her natural life, and upon the death of his widow he devised all of said lands to his grandson for and during his natural life.    He then provided that upon the death of the grandson, if he died leaving a child or children or descendants of such, the lands should go to such child or children or their descendants, and if said grandson died leaving no child or children or descendants of such then the lands were to go to the trustees of his church.    We held in that case the devises over after the termination of the life estate of the grandson to be alternative contingent remainders, and further held that the remainders were destroyed by deeds similar to the deeds executed and delivered in this case.

What we have said concerning clause 6-(*a*) disposes of the questions arising under clause 6-(*b*).    Under that clause Arthur C. VanBrocklin was given a life estate, to continue as long as he and his wife live together as husband and wife, with remainder over to him in the event of his life estate terminating by the death of his wife or by her ceasing in any other way to be his wife, and an alternative remainder to his children if his life estate terminated by his death.    The remainders to Arthur C. VanBrocklin and to his children were contingent and were destroyed by the merging of the life estate in the reversion.

The decree of the circuit court is affirmed.

*Decree affirmed.*