(No. 15911.—Decree affirmed.)

CORA E. BALEY, Appellant, vs. JOHN H. STRAHAN et al.
Appellees.

*Opinion filed October 28, 1924—Rehearing denied Dec. 4, 1924.*

1. WILLS—*entire will will be considered in construing any particular provision.* The court will consider the will and all its parts in their relation to each other to ascertain the intention of the testator in any particular provision, and will give effect to such intention if it can be done consistently with the law.

2. SAME—*remainder may vest at same time as particular estate.* The term "remainder" is relative and implies a prior disposition of some part of the estate, but the particular estate and the remainder constitute one whole, are carved out of the same inheritance and may both vest at the same time and subsist together.

3. SAME—*general rule as to vesting of a remainder which is subject to condition.* A remainder which is subject to a condition is not a contingent remainder unless the condition is precedent to the vesting of the remainder, and if the condition is subsequent the remainder vests immediately, subject to being divested by the happening of the condition.

4. SAME—*law favors vesting of a remainder.* The law favors the vesting of estates and prefers to construe conditions as subsequent rather than precedent, and if a remainder is vested according to the legal meaning of the words of a devise, it will not be held contingent by virtue of subsequent provisions of the will unless those provisions necessarily require such holding.

5. SAME—*when a remainder must be held contingent.* A remainder must necessarily be held contingent where the continuance of the life estate is upon some contingency or there is some other uncertain and dubious event necessary to be determined before the vesting of the estate.

6. SAME—*when remainder is vested subject to condition subsequent.* Where a testator devises certain land to his daughter, "to have and take possession of the same after the death" of the testator's wife, the words "to have and take possession" refer to actual enjoyment; and the further provision that in case of the death of the daughter before that of the widow the land shall go to the testator's son does not prevent the vesting of the estate in the daughter but provides merely a condition subsequent upon which her estate may be divested, and she has a right to make a conveyance of her estate during the life of the widow.

7. Sᴀᴍᴇ—*what makes a remainder contingent.* It is not the uncertainty of the actual enjoyment of the estate which renders a remainder contingent but the uncertainty of the right to the estate.

Aᴘᴘᴇᴀʟ from the Circuit Court of Adams county; the Hon. Hᴀʀʀʏ Hɪɢʙᴇᴇ, Judge, presiding.

Joʜɴ E. Wᴀʟʟ, and Sᴄoꜰɪᴇʟᴅ & Bᴇʟʟ, for appellant.

Goᴠᴇʀᴛ & Lᴀɴᴄᴀsᴛᴇʀ, for appellees.

Mr. Jᴜsᴛɪᴄᴇ DᴇYoᴜɴɢ delivered the opinion of the court:

An amended bill, in lieu of an original bill of complaint, was filed in the circuit court of Adams county by Cora E. Baley, the appellant, against John H. Strahan and Andrew J. Strahan, the appellees, for the partition of certain real estate in that county. A demurrer to the amended bill was sustained. Appellant stood by her amended bill, which was dismissed at her costs. This appeal followed.

Peter Strahan died testate in Adams county on June 4, 1914, leaving him surviving Ellen Strahan, his widow; Cora E. Baley, the appellant, his daughter; John H. Strahan and Andrew J. Strahan, the appellees, his sons, and Margaret E. Strahan, another daughter, his only heirs-at-law. His will was probated on July 22, 1914. By the first section of his will he directed the payment of his debts; by its second section he bequeathed to his wife all his personal property, including money, to be taken by her in lieu of her award; by the third section he gave to his wife "all the use, rents and income of the northwest quarter of the northwest quarter of section 13 and the northeast quarter of the northeast quarter of section 14, * * * to have and to receive the same during her natural life, in lieu of any other rights that she may have by law in real estate;" and by its fourth and fifth sections, respectively, he gave to his son Andrew J., an appellee, and to his daughter Cora E. Baley, the appellant,

each "$1000, payable after the death of my wife." The sixth section of the will, which is in controversy here, reads:

"*Sixth*—I give, devise and bequeath to my daughter Margaret E. Strahan the northwest quarter of the northwest quarter, [further describing the property,] to have and take possession of the same after the death of my said wife, Ellen Strahan. In case of her death before that time this tract of land shall pass and become the property of my son John H. Strahan."

By the seventh section the testator devised the northeast quarter of the northeast quarter of section 14 "to my son John H. Strahan, to have and take possession of the same after the death of my said wife, Ellen Strahan." John H. Strahan was appointed executor. After the probate of her father's will, on May 2, 1917, Margaret E. Strahan conveyed to her brother John H. Strahan, one of the appellees, by quit-claim deed dated that day, the land devised to her by the sixth section of the will. Ellen Strahan, the widow, died in 1919 or 1920. Margaret E. Strahan died shortly after the death of her mother.

The question at issue is whether Margaret E. Strahan had any alienable interest in the property at the time of her conveyance to her brother John H. Strahan. Appellant contends that by the will Margaret E. Strahan took only a contingent remainder, while the appellee John H. Strahan insists that the remainder was vested, the possession only being postponed, and that Margaret E. Strahan's interest was subject to divestiture in the event that she died before her mother. If the remainder became vested in Margaret E. Strahan upon her father's death the quit-claim deed conveyed her interest, nothing remained to descend to her heirs-at-law upon her death, and consequently there would be nothing to partition.

The court will consider the will and all its parts in their relation to each other to ascertain the intention of the testator in any particular provision, and give effect to such in-

tention if it can be done consistently with the law. By the third section the widow was given "all the use, rents and income" of the real estate devised, "to have and to receive the same during her natural life, in lieu of any other rights that she may have by law in real estate." This section only purports to make provision for the widow during her life without any suggestion of the vesting of the remainder. The testator devised the remainder in one tract, unconditionally, to his son John. The remainder in the other tract he devised to his daughter Margaret in the same language, but he added a sentence to the effect that if Margaret died before his widow, the tract devised to Margaret should pass and become the property of John. The persons in the mind of the testator, as shown by these three sections, were his widow, for whom he wished to provide for life, his son John and his daughter Margaret. The gift of the life estate was the reason for postponing the taking of possession by Margaret and John of their respective tracts. No reason is apparent from the will, considered as a whole, for postponing the vesting of the remainders. By the fourth and fifth sections the son Andrew and the daughter Cora were bequeathed $1000 each. No bequest of personal property was made by the will to either John or Margaret. There was no devise of real estate to either Andrew or Cora. A section of the will was devoted to each child, and there was no reference to any child in any other section except the sixth, by which it was provided that the tract devised to Margaret should pass to John if Margaret died before her mother.

The appellant contends that the words "to have," in the phrase "to have and take possession," in the sixth section, denote the time of the vesting of the remainder, while the appellees argue that they have reference solely to the time of taking possession. The identical phrase also appears in the seventh section, which devised the remainder in the other tract to John. In both sections the words "have" and

"take" are followed by a single object, "possession." It is not uncommon to find such words as "to have and to hold," "to have and to take," "to take effect and be enjoyed," and similar expressions, in instruments, especially wills, where the same intention could be conveyed by the use of the words "to have," or "to take effect," or "to be enjoyed," without the use of additional words.

Blackstone defines a remainder as an estate "limited to take effect and be enjoyed after another estate is determined." (1 Sharswood's Blackstone's Com. book 2, p. 163.) There must be a precedent particular estate in order to support a remainder. The term "remainder" is relative and implies a prior disposition of some part of the estate, but the particular estate and the remainder constitute one whole, are carved out of the same inheritance and may both vest at the same time and subsist together. It does not follow that an estate in remainder which is subject to a condition is a contingent remainder. The condition may be precedent or subsequent. If the latter, the estate vests immediately, subject to being divested by the happening of the condition; if the former, the remainder cannot vest until that which is contingent has happened. (*Haward* v. *Peavey,* 128 Ill. 430; *Golladay* v. *Knock,* 235 id. 412; *Meldahl* v. *Wallace,* 270 id. 220.) The law favors the vesting of estates, and a remainder vested, according to the legal meaning of the words of the devise, is not to be held contingent by virtue of subsequent provisions of the will unless those provisions necessarily require it. (*Pingrey* v. *Rulon,* 246 Ill. 109; *Knight* v. *Pottgieser,* 176 id. 368.) If the continuance of the life estate were upon some contingency, or if there were some other uncertain and dubious event necessary to be determined before the vesting of the estate, then, necessarily, the remainder would be contingent. (*Stevens* v. *VanBrocklin,* 295 Ill. 434.) "A remainder is vested if at every moment during its continuance it becomes a present estate whenever and however the preceding freehold estates determine. A

remainder is contingent if, in order for it to become a present estate, the fulfillment of some condition precedent, other than the determination of the preceding freehold estates, is necessary." (Gray's Rule Against Perpetuities,—3d ed.—sec. 9.) "If the conditional element is incorporated into the description of or into the gift to the remainderman then the remainder is contingent, but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested." Ibid. sec. 108; *Brechbeller* v. *Wilson,* 228 Ill. 502.

Because the law favors the vesting of estates it prefers to construe conditions as subsequent rather than precedent. In the beginning of the sixth section the testator used the words "give, devise and bequeath." If he had not believed that these words disposed of the remainder he could as readily have used language to denote a condition precedent and then have employed the words "give, devise and bequeath" to dispose of the remainder to John upon his sister's death before that of the widow, but in providing for that contingency he used the words "shall pass and become the property of," which are entirely consistent with the prior devise of the remainder subject to a condition subsequent. Appropriate terms which are ordinarily used to create a condition precedent to the vesting of a remainder are absent here. The sixth section contains no express provision which postpones the vesting of the remainder until the death of the widow. No condition precedent prevented the vesting, immediately upon the testator's death, of the remainder devised to John by the seventh section of the will. The devise of the remainder to Margaret by the sixth section is in identical language, except that there is added, by a complete and independent sentence, the condition that if she should die before the widow the land should become the property of John. The widow was the life tenant. Her death was certain to occur; the time of her death, only, was uncertain. Margaret, the person to whom the remain-

der was devised, was ascertained. She survived the widow and the life estate terminated. Had her death occurred prior to the termination of the particular estate it would not have made the remainder contingent. It is not the uncertainty of the actual enjoyment of the estate which renders a remainder contingent; it is the uncertainty of the right to the estate which makes it so. "When the person to whom a remainder after a life estate is limited is ascertained and the event upon which it is to take effect is certain to happen it is a vested remainder, although by its terms it may be entirely defeated by the death of such person before the termination of the particular estate. An estate in remainder is not rendered contingent by the uncertainty of the time of enjoyment. The right and capacity of the remainderman to take possession of the estate if the possession were to become vacant, and the certainty that the event upon which the vacancy depends must happen some time, and not the certainty that it will happen in the lifetime of the remainderman, determines whether or not the estate is vested or contingent." (23 R. C. L. 501, 502.) We believe the words "to have and take," properly construed, refer to possession, only, and not to the title and possession, but that the words "shall pass and become the property of," refer to the title. The remainder was not devised to Margaret upon the contingency that she survive her mother, but on the theory that her death before that of her mother constituted a condition subsequent, on the happening of which the estate already vested in her was to be divested and pass to and become the property of her brother John.

Authorities cited by counsel for appellant contain expressions such as "would have vested," or other conditional elements which prevented the vesting of the estate until the happening of some contingency . The statement in *Cummings* v. *Hamilton,* 220 Ill. 480, and *Knight* v. *Pottgieser, supra,* that "a fee in the remainder, subject to be divested by

the death of the person seized prior to the death of the life tenant, is not, for any practical purposes, to be distinguished from a remainder contingent upon the remainderman surviving the life tenant," is not applicable to this case. Here the interest vested in Margaret could be conveyed, while if there were only a contingent interest there would be nothing alienable. *Kenwood Trust Co.* v. *Palmer,* 285 Ill. 552; *Friedman* v. *Friedman,* 283 id. 383; *DuBois* v. *Judy,* 291 id. 340.

Since the remainder devised to Margaret was vested and not contingent and was conveyed in her lifetime to her brother John, no interest descended to her heirs upon her death. There was therefore nothing to partition.

The decree of the circuit court of Adams county is affirmed.

*Decree affirmed.*