### DEAN v. WILLCUTS, Collector of Internal Revenue.

District Court, D. Minnesota, Third Division. April 25, 1929.

No. 1774.

Yardley & Tiffany, of St. Paul, Minn., for plaintiff.

Lafayette French, Jr., U. S. Atty., of Austin, Minn., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry A. Cox and Wm. T. Sabine, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for defendant.

SANBORN, District Judge. ▮ The plaintiff seeks to recover the sum of $1,604.41 which it is claimed the government erroneously collected as taxes upon the estate of William B. Dean, a resident of St. Paul, Minn., who died December 5, 1922. It appears that on the 13th day of October, 1920, Mr. William B. Dean and Mrs. Caroline N. Caruthers entered into a trust agreement with the Northwestern Trust Company of St. Paul, pursuant to which they transferred to it, in trust, some $36,000 of securities, $11,000 of which were contributed by Mrs. Caruthers, and the balance by Mr. Dean. The terms of the agreement required that the trustee should invest and reinvest the principal of the trust estate and should pay the income over to Mrs. Caruthers during her lifetime, and upon her death should pay over the whole of the trust estate, principal, and interest, to Mr. Dean, if he were then living, but, if not, to his heirs at law. The trust agreement contained this provision: "The settlors of this trust reserve the right to withdraw therefrom the whole or any part of the securities now deposited by him or her under the terms of this instrument." The right was never exercised, and Mrs. Caruthers was living at the time of Mr. Dean's death.

The Commissioner takes the position that, under the provisions of section 402(c) of the Revenue Act of 1921 (chapter 136, 42 Stat. 227, 278), the contribution of Mr. Dean to the trust was subject to taxation as a part of his estate, while the plaintiff contends that it was not taxable.

Since the recent decisions of the Supreme Court in the cases of Chase National Bank et al. v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. ——, and Reinecke, Collector of Internal Revenue, v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. ——, it appears that the only questions to be determined are whether Mr. Dean, under the provisions of this trust agreement, made,

in effect, an absolute gift of his contribution to the trust estate, or, if not, whether he retained such an interest in it during his lifetime that upon his death there was such a shifting of economic benefits as would subject it to the tax.

The plaintiff's theory is that Mr. Dean parted with all control over the trust estate; that the right to withdraw all or any part of his contribution was joint, and that, in effect, he parted with all the incidents of ownership over the property he contributed when he executed the trust agreement.

It cannot be said that Mr. Dean had no right during his lifetime to withdraw his contribution. The language of the power does not indicate that it required the consent of both settlors before either might withdraw securities. The instrument provides that both reserve the right to withdraw securities deposited by him or her. The fact that both reserved the right does not mean that it could only be jointly exercised. If both reserved it, then each possessed it. This being true, Mr. Dean's contribution was taxable. "Such an outstanding power residing exclusively in a donor to recall a gift after it is made is a limitation on the gift which makes it incomplete as to the donor as well as to the donee, and we think that the termination of such a power at death may also be the appropriate subject of a tax upon transfers." Chase National Bank et al. v. United States, supra, page 336 of 278 U. S. (49 S. Ct. 128, 73 L. Ed. ——).

▮ But even if Mr. Dean parted with all control over the property trusteed, Mrs. Caruthers was only a life tenant under the trust agreement. Mr. Dean had a vested remainder, and his heirs a contingent remainder. The death of Mr. Dean terminated his interest in the trust estate, and his heirs then took a vested remainder. There was a "shifting of the economic benefits and burdens of property" at his death which subjected his contribution to the trust to the federal estate tax. Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565; Chase National Bank et al. v. United States, supra.

Finding the facts and the law to be as above stated, it is ordered that judgment be entered for the defendant dismissing this action, with costs.