**KLEIN et al. v. UNITED STATES.**

No. J–124.

Court of Claims.

June 2, 1930.

This is an action to recover $13,705.92, additional estate tax, and $1,126.51, interest, paid upon the estate of Solomon Klein, deceased, together with interest on the total amount from January 21, 1924.

The question is whether under a conveyance of certain property in July, 1918, the decedent made a transfer of an interest to take effect in possession or enjoyment at or after his death which occurred in September, 1919, and, if so, whether the provision of the Revenue Act of 1918, which requires the inclusion in the gross estate of the value of this interest, is constitutional.

*Special Findings of Fact.*

1. Etta M. Klein is the widow, and Amy K. Eisendrath, Bernice K. Friedlander, and Lawrence Klein are daughters and son, respectively, of Solomon Klein, a citizen and resident of Chicago, Ill., who died intestate September 17, 1919. Plaintiffs are the surviving heirs at law and next of kin of the decedent and the sole distributees of his estate. The widow was appointed administratrix of decedent's estate September 29, 1919, and duly qualified and acted in that capacity until December 7, 1920, when her final report showing the distribution of the balance of the estate to the plaintiffs herein was approved and she was discharged.

2. Within the time provided by the Revenue Act, of 1918, the administratrix filed returns for the estate of decedent showing a total tax of $30,305.05 which was duly paid.

Thereafter the Commissioner of Internal Revenue notified her in writing that upon an audit of the return as a result of an investigation thereof, the total tax liability of the estate was $67,397.56, and that an additional estate tax of $37,092.51 was due. Subsequently the commissioner reduced the amount of additional tax to $31,692.51. The administratrix paid $8,305 on March 8, 1923, and the balance of $23,387.51, together with interest in the amount of $1,922.25, was paid January 21, 1924. The additional tax to the extent of $23,387.51 resulted from the inclusion in the gross estate of the decedent of the value of certain parcels of real estate described in a deed hereinafter referred to from decedent to his wife, Etta M. Klein, dated July 1, 1918; the commissioner holding that the entire value of the property included in the deed constituted a part of decedent's gross estate as a transfer to take effect in possession or enjoyment at or after the decedent's death within the meaning of section 402 (c) of the Revenue Act of 1918. It is agreed by all of the parties that the conveyance was not in contemplation of death within the meaning of the statute.

3. The property, the value of which the Commissioner of Internal Revenue included in decedent's gross estate, consisted of two parcels of improved real estate in Cook county, Ill., and the conveyance from the decedent to his wife, Etta M. Klein, on July 1, 1918, so far as material here, was as follows:

"First: To have and to hold the said lands unto the said grantee for and during the term of her natural life, and if she shall die prior to the decease of said grantor then and in that event she shall by virtue hereof take no greater or other estate in said lands and the reversion in fee in and to the same shall in that event remain vested in said grantor, his heirs, and assigns, such reversion being hereby reserved to said grantor and excepted from this conveyance.

"Second: Upon condition and in the event that said grantee shall survive the said grantor, then and in that case only the said grantee shall by virtue of this conveyance take, have, and hold the said lands in fee simple, unto the sole use of herself, her heirs, and assigns forever.

"Said grantee covenants with said grantor that she will during the lifetime of said grantor promptly pay and discharge all taxes and assessments which may become due and payable on said lands, that she will keep all buildings and improvements situated thereon in good tenantable condition and repair and fully insured against loss by fire in companies acceptable to said grantor in the names of both said grantor and said grantee and in the event either of said buildings shall be destroyed or damaged by fire will apply all the insurance moneys received on account of such fire to the reconstruction or repair of the buildings damaged or destroyed, unless the said grantor shall in writing consent to otherwise invest the same in such manner that said grantee shall enjoy the income derived therefrom during her life and so that the capital shall belong to that one of the parties hereto who shall survive the other."

4. June 10, 1927, the administratrix filed a claim for refund of $23,387.51, tax, and $1,922.25, interest paid, with interest on the aggregate sum from January 21, 1924, on the ground that possession and enjoyment to the grantee of the property conveyed by the decedent were not deferred until decedent's death, and accordingly no part thereof should be included in the gross estate. Subsequently on August 24, 1927, the commissioner allowed the claim in part and rejected it to the extent of $13,705.92 and interest thereon of $1,126.51, on the ground that the last-mentioned amounts represented the tax and interest due as the result of the inclusion as a part of the decedent's gross estate of the aforementioned parcels of real estate, after having deducted the value of the life estate of Etta M. Klein.

5. October 14, 1927, the commissioner refunded to the plaintiffs herein in equal proportions the amount of $10,477.33 as tax overpaid and $2,330.81 as interest thereon in accordance with the ruling made on the claim for refund. Plaintiffs made application for reconsideration of the commissioner's decision, which application was denied December 21, 1927.

Benjamin B. Pettus of Washington, D. C. (Edward Clifford and Colladay, Clifford & Pettus, all of Washington, D. C., on the brief), for plaintiffs.

Fred K. Dyar, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (W. T. Sabine, Jr., of Washington, D. C.), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

Plaintiffs contend, first, that under section 402 (c) of the Revenue Act of 1918, 40

Stat. 1097, Solomon Klein at the time of his death had no interest in the property in question which took effect in possession or enjoyment at or after that event; that the deed of conveyance transferred to his wife title to the lands in fee simple, that the conveyance was complete and irrevocable, and that the grantor retained no beneficial interest in the property conveyed but only a possibility of an interest through reversion; secondly, that if the decedent had an interest in the property at death, the same was not taxable, for under Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 713, 71 L. Ed. 1184, 52 A. L. R. 1081, the Revenue Act of 1918 is unconstitutional in so far as it undertakes to tax transfers made before its passage.

By the terms of the deed here under consideration, the decedent, until his death, had a vested reversion in fee to the property described subject only to the life estate therein provided for his wife, and to the possibility of its being divested by his death during her lifetime. The grantee had no more than a life estate in the property with a contingent remainder, which remainder was based upon a condition precedent, i. e., the death of her husband during her lifetime. Prior to the grantor's death the grantee did not and could not have a vested estate in remainder. Under the deed in question the possession or enjoyment of the rights and benefits of ownership of this remainder in the grantor could in no event be hers until her husband's death; the deed therefore to the extent of the value of this remainder interest reserved was a transfer intended to take effect in possession or enjoyment at the decedent's death within the meaning of section 402(c) of the Revenue Act of 1918. The deed here in question was not an absolute conveyance forever in fee simple by the husband with a mere possibility of reverter, but was a deed which expressly reserved and accepted the reversion and conveyed only a life estate to the wife with a contingent remainder, upon a condition precedent, i. e., the decedent's death during her lifetime. It is clear that it was the intent of the decedent, expressed in unambiguous language in the deed, that his wife should have only a life estate in the property during his lifetime and that only in case of his death during her lifetime should she have a remainder in fee in the land therein described. It appears to be well settled by the law of Illinois that such a condition precedent creates only a contingent remainder under the laws of that state. Baley v. Strahan, 314 Ill. 213, 145 N. E. 359; Wood v. Chase, 327 Ill. 91,

158 N. E. 470; Meldahl v. Wallace, 270 Ill. 220, 110 N. E. 354; Golladay v. Knock, 235 Ill. 412, 85 N. E. 649, 126 Am. St. Rep. 224; Haward v. Peavey, 128 Ill. 430, 21 N. E. 503, 15 Am. St. Rep. 120.

The Commissioner of Internal Revenue included in the decedent's gross estate the value of his reversionary interest determined by deducting from the value of the property described in the deed, the value of the life estate of Etta M. Klein, as the interest of the decedent in the property which, under the deed, constituted a transfer and which took effect and passed to the wife in possession and enjoyment at his death. In this we think the commissioner was correct. The interest of which the decedent made a transfer intended to take effect in possession or enjoyment at his death was his entire vested reversion of the remainder in the property described in the deed. Until his death, however, the transfer was incomplete. Until that time the whole legal title to the fee, subject only to his wife's life estate, was vested in him as well as his vested remainder in fee of the entire reversionary interest. Until his death the possession or enjoyment by the decedent's wife of his vested remainder in fee was postponed. The decedent's death was the event which made the transfer complete and effective, and secured to Etta M. Klein the possession and enjoyment of the property contemplated by the statute. The acquisition by the wife of the full benefits of ownership of interest which remained in the decedent became complete only upon his death. It was therefore a transfer at his death. Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565; Chase National Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410; McCaughn v. Girard Trust Co. (C. C. A.) 11 F.(2d) 520; Dean v. Willcutts (D. C.) 32 F.(2d) 374. We are of opinion, therefore, that the decedent had an interest in the property which was the subject of the instrument creating a life estate in his wife, the transfer of which interest took effect and was complete at his death, and that the value of this interest was a proper item to be included in the gross estate.

Relying upon Nichols v. Coolidge, supra, and the decisions of the United States Board of Tax Appeals in Edward H. Alsop, Executor, 7 B. T. A. 848; James Duggan, Executor, 8 B. T. A. 482; David W. Crews Estate, 8 B. T. A. 949; and Edgar M. Mors-

man, Jr., Administrator, 14 B. T. A. 108, the plaintiffs insist that inasmuch as the instrument in question was executed in July, 1918, the Revenue Act of 1918 in so far as it undertakes to tax a transfer made before its passage was unconstitutional. We think, however, that the decision in Nichols v. Coolidge, supra, goes no further than to hold that where a donor has made a *completed gift inter vivos* not in contemplation of death and prior to the enactment of the act under which the tax is sought to be exacted and where by such transfer he has divested himself of all further control or any other disposition of the property than that provided in the instrument of transfer, any attempt to tax such a gift merely because the transfer was intended to take effect in possession or enjoyment at or after death is arbitrary, capricious, and amounts to confiscation. In such cases there would be no transfer by death, but the property would pass under the provisions of the deed of gift or trust.

In that case Mrs. Coolidge and her husband had executed an instrument in 1907 in which they conveyed property in trust, the income to be paid to them during the life of either of them with remainders over to their sons. Later, in 1917, four years prior to the death of either of them, they assigned all their interest in the income and in the fund itself to their sons, the remaindermen. No claim was made that the gift *inter vivos*, thus completed, was made in contemplation of death, and as they had divested themselves of every interest in the property, the value of the property transferred by Mrs. Coolidge was held to have been improperly included in her gross estate. In so holding the court said:

"The statute requires the executors to pay an excise ostensibly laid upon transfer of property by death from Mrs. Coolidge to them but reckoned upon its value plus the value of other property conveyed before the enactment in entire good faith and without contemplation of death. Is the statute, thus construed, within the power of Congress? * * *

"And we must conclude that section 402 (c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation."

The language quoted is very broad, but we think in view of subsequent decisions of the court its application to "property transferred" refers to *completed transfers* of property where no interest of value is transferred by death. The transfer there involved, if not complete and beyond control of the donors in 1907, had been completed four years before the death of Mrs. Coolidge. She had divested herself of every interest in the property at that time and neither possession nor enjoyment was postponed until her death. This view finds support in subsequent decisions of the court in Chase National Bank v. United States, supra, and Reinecke v. Northern Trust Co., supra. In the latter case the court in referring to two trusts created in 1903 and 1910, respectively, and distinguishing the Coolidge Case, at page 345 of 278 U. S., 49 S. Ct. 123, 124, said:

"As to the two trusts, it is argued that since they were created long before the passage of any statute imposing an estate tax the taxing statute if applied to them is unconstitutional and void, because retroactive, within the ruling of Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081. In that case it was held that the provisions of the similar section 402 of the 1918 act, 40 Stat. 1097, making it applicable to trusts created before the passage of the act was in conflict with the Fifth Amendment of the Federal Constitution and void as respects transfers completed before any such statute was enacted. But in Chase National Bank v. United States, 278 U. S. page 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388, decided this day, the decision is rested on the ground, earlier suggested with respect to the Fourteenth Amendment in Saltonstall v. Saltonstall, 276 U. S. 260, 271, 48 S. Ct. 225, 72 L. Ed. 565, that a transfer made subject to a power of revocation in the transferor, terminable at his death, is not complete until his death. Hence section 402, as applied to the present transfers, is not retroactive since his death follows the passage of the statute. For that reason, stated more at length in our opinion in Chase National Bank v. United States, supra, we hold that the tax was rightly imposed on the transfers of the corpus of the two trusts and as to them the judgment of the court of appeals should be reversed."

At pages 346–348 of 278 U. S., 49 S. Ct. 123, 126, the court, in connection with certain trusts created in 1919 which were held not to be taxable as a part of the estate, pointed out that the reserved powers of management did not save to decedent any control over the

economic benefits or the enjoyment of the property and that the shifting of the economic interest in the trust property which was the subject of the tax was thus complete as soon as the trust was made, and said:

"The two sections read together indicate no purpose to tax completed gifts made by the donor in his lifetime not in contemplation of death, where he has retained no such control, possession or enjoyment. In the light of the general purpose of the statute and the language of section 401 explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c) 'to take effect in possession or enjoyment at or after his death,' include any others than those passing from the possession, enjoyment or control of the donor at his death and so taxable as transfers at death under section 401."

In our opinion the same rule as was applied to the trusts created in 1903 and 1910 must be applied where, by the reservation of a remainder or reversion in fee, as in this case, in the grantor or donor until his death, the transfer is not complete; and the act in force at the date of the decedent's death taxing the interest which passes at death is neither retroactive nor unconstitutional. Cf. Cooper v. United States, 280 U. S. 409, 50 S. Ct. 164, 74 L. Ed 516, decided February 24, 1930; and May et al., Executors, v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, decided April 14, 1930. The date of the execution of the trust, or conveyance, is not controlling, but the important thing is whether under such instruments there remains in the decedent any interest in the property which passes at his death. In this case we think there was such an interest.

Plaintiffs are not entitled to recover, and the petition is dismissed. It is so ordered.