## HOBLITZELLE et al. v. UNITED STATES.
No. 41944.

Court of Claims.
May 8, 1933.

Oscar W. Underwood, Jr. (Underwood & Kilpatrick, of Washington, D. C., on the briefs), for plaintiffs.

John A. Rees and W. W. Scott, both of Washington, D. C. (Elizabeth B. Davis and F. F. Korell, both of Washington, D. C., on the brief), for the United States.

Before GREEN, WHALEY, LITTLE-TON, and WILLIAMS, Judges.

GREEN, Judge.

This action involves the construction of certain provisions of the estate tax as contained in the Revenue Act of 1926, under which the value of the gross estate is first determined and therefrom the net estate is ascertained in accordance with the provisions of the statute.

The particular provision with which we are concerned in this case is section 302 of the act (26 USCA § 1094 note) which provides, among other things, that:

Sec. 302. "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke. * * * "

The plaintiffs are the executors of the estate of Laura T. H. Hoblitzelle, who died on May 29, 1929. In 1927, the decedent executed an indenture of trust for the benefit of her two daughters during their lives and providing for appointees and remaindermen after their deaths, also naming herself and another party as trustees. There were a number of special provisions attached, but except as shown by sections 2, 3, and 11 of the indenture of trust set out in the findings they are not material to the determination of the questions involved. It will be seen from an examination of sections 2 and 3 that the donor of the trust "alone reserves the right to direct the trustees to pay over and distribute the entire net income in unequal shares, and in such amounts and at such times as she may see fit, unto her daughters, upon her written instructions to the trustees"; and that section 11 provides:

"The donor hereby reserves the right to change, alter, or amend the terms of this indenture at any time during her life, * * * Provided, however, The donor shall not have the right to revoke and vacate this trust by any such amendment or alteration thereof."

The Commissioner of Internal Revenue treated the trust property as a part of the estate of the decedent at the time of her death and computed the estate tax accordingly. To this the plaintiffs objected but paid the tax, and after duly filing a claim for refund now seek to recover the amount of additional tax assessed and collected by virtue of this act of the Commissioner.

We think the decision in the case at bar is controlled by the opinion in Porter et al. v. Commissioner, 288 U. S. 436, 53 S. Ct. 451, 453, 77 L. Ed. 880, decided by the Supreme Court March 13, 1933, 333 CCH, par. 9195. In view of the last-named decision much of the argument made by plaintiffs in the opening brief has been abandoned, but it is still claimed that notwithstanding that decision the plaintiffs are entitled to recover. In its opinion rendered in that case, the Supreme Court said with reference to the provisions of section 302 quoted above:

"The net estate upon the transfer of which the tax is imposed is not limited to property that passes from decedent at death. Subdivision (d) requires to be included in the calculation all property previously transferred by decedent, the enjoyment of which remains at the time of his death subject to any change by the exertion of a power by himself alone or in conjunction with another. Petitioner argues that, as decedent was without power to revoke the transfers or to alter or modify the trusts in favor of himself or his estate, the property is not covered by subdivision (d). But the disjunctive use of the words 'alter,' 'modify,' and 'amend' negatives that contention."

In the Porter Case the trust instrument contained a paragraph reserving to the donor power at any time to alter or modify the indenture and any or all of the trusts in any manner excepting any change in favor of himself or his estate. The same power to change, alter, or amend is contained in the trust instrument involved in the case at bar. The limitation is worded slightly different and in the Porter Case gave the donor a little more power with reference to the change which might be made with reference to the trusts. In the case at bar the donor did not have the right to revoke and vacate the trust by any amendment or alteration, and it is contended by plaintiffs that the power to direct unequal distribution of the income between her two daughters was the only change permitted to the donor by the instrument now before us. We doubt very much whether this contention can be sustained, but assuming for the sake of the argument that it is correct we do not think it affects the judgment which

must be rendered in the case. It is true that the opinion in the Porter Case does not pass on the question of "whether every change, however slight or trivial, would be within the meaning of the clause" and that in the instant case the donor did not retain as much power over the trust estate as was reserved in the Porter Case. Conceding this, we think that the power reserved cannot be considered slight or trivial but was important and substantial. If we are correct in this conclusion the statute is broad enough to cover the property conveyed by the trust instrument.

It would seem also that the donor under section 3 of the trust instrument had a further interest in the trust estate in the form of a contingent remainder. In event of the death of either of her daughters during her lifetime she had the right to receive the respective interests of the beneficiary or beneficiaries and this interest ceased upon the death of the donor. Such an interest would be taxable. See Klein v. United States, 42 F.(2d) 596, 70 Ct. Cl. 151, affirmed 283 U. S. 231, 51 S. Ct. 398, 75 L. Ed. 996.

It is contended that to so construe the statute makes it a harsh provision. We do not think so. The manifest purpose of the provision contained in the trust instrument which we have been construing was to evade the estate tax and at the same time retain a substantial control of the property. If the contention of the plaintiffs that the property so conveyed was not subject to the estate tax should be sustained, then even under the present law it is extremely doubtful whether the property conveyed by the trust instrument would be subject to the gift tax, and a trust instrument of the character now in question would afford a convenient method of avoiding both the estate and gift taxes.

It is further contended by plaintiffs that the statute construed as stated above is arbitrary and capricious and void under the Fifth Amendment of the Constitution. Without further quotations, we think that the language used by the Supreme Court in the Porter Case with reference to a similar constitutional question disposes of this objection.

Plaintiffs' petition must be dismissed, and it is so ordered.

WILLIAMS, Judge, dissents.

BOOTH, C. J., did not hear this case on account of illness and took no part in its decision.