**RETICKER v. UNITED STATES.**
No. 44584.

Court of Claims.
May 5, 1941.

L. A. Luce, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and GREEN, Judges.

GREEN, Judge.

The plaintiff, the administrator of the estate of H. B. Reticker, deceased, brings this

suit alleging that the Commissioner of Internal Revenue wrongfully included in the gross estate the value of certain property conveyed by the decedent in trust, by reason whereof the plaintiff was required to pay a deficiency in the estate tax in the amount of $11,236.11, and interest thereon in the sum of $849.64. A claim for refund was duly filed in proper form and disallowed.

The question of whether the value of this property was properly included in the gross estate arises under the provisions of the trust instrument, which are as follows:

"It Is Expressly Understood that this Trust No. P–8963 Is Irrevocable as to corpus and as to 'net income.'

"However, the right hereby is reserved unto the aforesaid H. B. Reticker (the Trustor) To Amend this Trust in whole or in part at any time or from time to time by written request therefor addressed and delivered to the Trustee: Provided, The Trustor cannot so amend this Trust as to make him a beneficiary in any manner hereunder."

It will be observed that under these provisions the trustor reserved the right to amend the trust in whole or in part. The language used, we think, gave the trustor power to change the beneficiaries' enjoyment of the property, either entirely or partially, and this conclusion is strengthened by the reservation in the earlier part of the instrument that no beneficiary could sell or alienate his interest in any way. The trustor could not change the trust so as to get back to himself either the corpus of his trust or the net income, but he could change the interests of the beneficiaries.

Section 302 of the Revenue Act of 1926, provides:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*      \*      \*      \*      \*

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke \* \* \*."

We think the case is controlled by the decisions in Porter et al. v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880 and Hoblitzelle et al., Executors v. United States, 3 F.Supp. 331, 77 Ct.Cl. 639, where, under similar provisions in the trust instrument, the property conveyed thereby was held properly included in the gross estate. We do not think it is necessary to repeat the reasons given for these decisions as set out in the opinions rendered.

The petition of the plaintiff must be dismissed, and it is so ordered.