Per Curiam:
Plaintiffs, D. Michael Crile and Dorothea Mary Crile Carvey, beneficiaries of the estate of Mary Crile, filed a pro se petition in this court seeking a refund of Federal estate taxes in the amount of $13,091, plus interest. The sole issue is whether the corpus of a trust established by the decedent, pursuant to a marriage indenture agreement of December 29, 1918, is includable in her gross estate under 26 U.S.C. § 2038 because of her reservation of powers to alter, amend, or revoke the trust.
Plaintiffs filed a supplemental pleading and a motion for judgment on the pleadings, which is in effect a motion for summary judgment. Defendant has filed a motion for summary judgment. Plaintiffs have responded to defendant’s motion. The case is thus actually before the court on cross motions for summary judgment.
26 U.S.C. § 2038, [Revocable Transfers, provides in pertinent part, as follows:
(a) In general. — The value of the gross estate shall include the value of all property—
*****
(2) TraNspers on or Before June 22,1936. — To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money’s worth), by trust'or otherwise, where the enjoy- *49 merit thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death. * * *
The property transferred in this case was decedent’s beneficial interest in an earlier trust established by her parents, which she transferred in 1918 into a trust pursuant to a marriage indenture agreement. The case turns on whether the decedent held at the time of her death any power to “alter, amend, or revoke” the terms of the trust within the scope of §2038 (a) (2).
Defendant, in its motion for summary judgment, contends that decedent, at the time of her death, held the power to alter, revoke, or amend the 1918 trust in three ways: (1) under Article 6, decedent could name herself or some other person to designate which of her children were to receive the corpus of the trust, at what time, and in what shares; (2) under Article 8 of the trust, decedent and the trustees could pay out up to one-half of the presumptive shares of decedent’s children prior to her death; and (3) under Article 15, decedent could withdraw up to one-half of the corpus and appoint it for the benefit of subsequent husbands and the issue of subsequent marriages. Defendant urges that the portion of the corpus of the 1918 trust attributable to the decedent’s contribution to the trust be included in her gross estate under § 2038 (a) (2) of the Internal Revenue Code of 1954.
Generally, § 2038 is intended to cover any transfer of property which is subject to a later change in beneficial enjoyment by the donor. Lober v. United States, 346 U.S. 335 (1953). Section 2038 is applicable to any power affecting the time or manner of enjoyment of property or its income. Treas. Reg. § 20.2038-1.
Defendant must prevail because Article 6 of the trust allowed the decedent, as the surviving settlor, to appoint herself or any other person to select which of her children would receive the final distribution, their respective shares, and the time of receipt. Thus, the decedent had the power to shift the economic enjoyment of the property held in trust. The *50 retained power to vary shares among named beneficiaries and the included power to eliminate a named beneficiary have been held to be sufficient powers to include the trust property in the donor’s estate. Hoblitzelle v. United States, 77 Ct. Cl. 639, 3 F. Supp. 331 (1933); Union Trust Co. of Pittsburgh v. Driscoll, 138 F. 2d 152 (3d Cir.1943), cert. denied, 321 U.S. 764 (1944).
The powers reserved under Article 6 pertain to the entire amount in issue. Since the entire trust should be included pursuant to the decedent’s powers under Article 6, we do not need to consider Articles 8 and 15.
Plaintiffs argue that: (1) decedent did not have any dis-positive powers over the corpus, but could only request action by the trustees or consent to such action; (2) 26 U.S.C. § 2041 limits the application of 26 U.S.C. § 2038; (3) no transfer of property occurred, and that if it did, the transfer created only a contingent interest in the decedent’s husband which failed when he predeceased her; and (4) the powers retained by decedent had no salable value and could not be included as an increase in the value of the estate. Each of these contentions is discussed below.
First, the fact that a given power was exercisable only in conjunction with a trustee does not change the result. Flood v. United States, 133 F. 2d 173 (1st Cir.1943). Second, § 2041 is not pertinent. Section 2041 provides generally that the gross estate of a decedent shall include property over which the decedent hold a general power of appointment under certain circumstances. Defendant’s case does not rely on this provision to include the trust in the gross estate. Plaintiffs seem to argue that § 2041 limits ■§ 2038; however, the two provisions are independent. Treas. Peg. § 20.2041-1. (b) (2). Third, the plaintiffs in this case received the trust corpus and the fact that decedent’s husband did not receive an interest in the trust is irrelevant. Fourth, property which the decedent could not have sold is often included in his estate and should be included here.
It should be noted in passing that § 2036 entitled “Transfers with Ketained Life Estate” is not applicable since the transfer was completed prior to March 4, 1931, the effective date of the provision. 26 U.S.C. § 2036 (b).
*51 The amount included in the decedent’s gross estate under § 2088 is the value of the interest which is subject to the taxable power. Since the decedent has retained a taxable power over the entire property transferred in this case, its entire value is included in the estate.
Therefore, on consideration of the record and briefs, hut without oral argument, plaintiff’s motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. The petition is dismissed.