SALTONSTALL ET AL. *v.* SALTONSTALL ET AL., TRUSTEES.

ERROR TO THE SUPREME JUDICIAL COURT OF MASSACHUSETTS.

No. 144. Argued January 5, 6, 1928.—Decided February 20, 1928.

1. A decision of a state court applying a state statute over the ambiguous objection that it is " unconstitutional " is reviewable here in so far as that court interpreted the objection as based on the Federal Constitution, and, in its opinion, sustained the statute under that instrument. P. 267.

2. By Massachusetts Acts of 1909, c. 527, § 8, a transfer of property passing to anyone through the failure of any person to exercise a power of appointment, is made taxable under an Act of 1907, which as amended, 1916, taxes property passing by gift made or intended to take effect in possession or enjoyment after the death of the donor. A trust, established before the dates of these acts, when interests passing to children were not subject to transfer tax, gave

the income, after the settlor's death, to his children (with gifts over), but reserved to him while living the power, with consent of one trustee, to alter or terminate the trust.  The settlor having died while these acts were in force, without having exercised the power, the entire interest passing to the children was held taxable as of the date of his decease.  *Held:*

(1) That the state court's construction of the taxing Acts as imposing a succession tax, and of the trust instrument as creating a power of appointment within the Act of 1909, would be accepted by this Court.  P. 269.

(2) Imposition of the tax under the statute of 1909 was consistent with the due process clause of the Fourteenth Amendment, the tax being laid, not on the donor, but on the beneficiaries, the gifts taxed having never passed to them until after the donor's death subsequent to the enactment of the statute, and the basis of the tax being the value of the gifts at that operative moment.  *Nichols* v. *Coolidge,* 274 U. S. 531, distinguished.  P. 270.

(3) So long as the privilege of succession has not been fully exercised, it may be reached by a tax.  P. 271.

256 Mass. 519, affirmed.

ERROR to a judgment of the Supreme Judicial Court of Massachusetts instructing trustees that interests of beneficiaries under a trust were subject to succession taxes. The beneficiaries, having prayed a contrary ruling in answer to the trustees' petition, sued out this writ of error against their co-respondent, James Jackson, Treasurer and Receiver General of the State, and the trustees.  The opinion below is reported *sub nom.  Saltonstall* v. *Treasurer & Receiver General.*

*Mr. Thomas Hunt* for plaintiffs in error.

A tax which retroactively imposes a burden upon rights already vested, as this one does, is not a reasonable form of excise, but an arbitrary one.  A " vested " interest in remainder is one which is always ready, from its beginning to its end, to come into possession the moment the prior estates may determine.  *Brown* v. *Lawrence,* 3 Cush. 390.

These life interests were " vested " interests, which had passed to the beneficiaries, and vested in them immediately upon the delivery of the trust deed and the trust property. *Welch* v. *Treasurer,* 217 Mass. 348.

Besides, it is to be remembered that, by the amendment of October 24, 1919, Peter C. Brooks' rights in the income were terminated, finally and completely. There was no right or interest whatever left to pass to the beneficiaries upon his death.

All the conveyances took place prior to September 1, 1907, the date when the first tax on direct inheritances became effective. Long before that date these Trustees and these respondents had present vested rights to receive certain property upon the death of certain persons. These taxing acts, as construed by the Massachusetts courts, now deprive them of their right to receive some of that property, namely, the amount held to be payable as a tax. They are deprived of that right on the ground that the State can impose an excise tax for its aid and sanction in making such a transfer valid. See *Keeney* v. *New York,* 222 U. S. 525. But if that aid had already been freely given, without being subject to an excise, or any other tax, at the time when the grantor and grantees, relying upon the law as it then existed, entered into the transaction, for the legislature years afterward to attempt retroactively to exact an excise for this " commodity " seems as unreasonable (and, therefore, as unconstitutional) as the action of the Florida Legislature in the case of *Forbes Power Boat Line* v. *Board of Commissioners,* 258 U. S. 338. The weight of authority is clear to that effect. *Matter of Pell,* 171 N. Y. 48; *Matter of Lyon,* 233 N. Y. 208; *Matter of Seaman,* 147 N. Y. 69; *Matter of Lansing,* 182 N. Y. 238; *Houston's Estate,* 276 Pa. 330; *Hunt* v. *Wicht,* 174 Cal. 205; *Commonwealth* v. *Wellford,* 114 Va. 372; *Commonwealth*

v. *McCauley's Executor,* 166 Ky. 450; *State v. Probate Court,* 102 Minn. 268; *Miller* v. *McLaughlin,* 141 Mich. 425.

It is open to this Court to say that the purpose of this legislation was not sufficiently different from that of the taxing act under consideration in *Levy* v. *Wardell,* 258 U. S. 542, to make the reasoning of the latter case inapplicable.

In *Nichols* v. *Coolidge,* 274 U. S. 531, the statute which, in *Levy* v. *Wardell, supra,* had been open to two constructions, had been made, by amendment, definitely retroactive (Act of February 24, 1919, § 402 (c)), and this Court, consistently with its former opinion, held it unconstitutional.

It is submitted that *Blodgett* v. *Holden,* 275 U. S. 142, taken in connection with *Nichols* v. *Coolidge, supra,* is conclusive of the present case.

Even if, by doing violence to the language of the statute (which · says—"All property . . . which shall pass . . . by deed, grant or gift . . . shall be subject to a tax"), it can be held that the tax is not on property, but on that shadowy conception " the vesting of the property in possession and enjoyment," called a "commodity," still the tax cannot be supported as an excise, for two reasons:

(1) It would be the same sort of proceeding which was held unreasonable in *Frick* v. *Pennsylvania,* 268 U. S. 473, and in *Nichols* v. *Coolidge, supra,*—because " it would open the way for easily doing indirectly what is forbidden to be done directly."

(2) The definitions of the term " excise," which are collected in *Patton* v. *Brady,* 148 U. S. 608, are all similar to Blackstone's, there quoted, which is, "An inland imposition, paid sometimes upon the consumption of the commodity . . ."

The beneficiaries acquired, when the original transfers were made, the right not only to the property, but also to immediate possession and enjoyment upon the death of Mr. Brooks; and, after that, the only thing left for the State to tax was the actual use and enjoyment of their own property—of what already belonged to them. Such a tax would be, like the tax upon the income from property,—a direct tax on the property itself. *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429; *Houston's Estate,* 276 Pa. 330. ·

The State cannot, under the guise of an excise, exact a tax for the mere physical possession or enjoyment of one's own property when this is nothing but the exercise of a right which the State had already given long before. *Frew* v. *Bowers,* 12 F. (2d) 625.

One person cannot, by a will or a deed, transfer "enjoyment" or "possession" to another. Deeds and wills deal with, and "pass" and convey, rights—legal rights, not physical conditions.

The Massachusetts court itself has held that this excise is a tax, not on "possession" or "enjoyment," or "coming into possession and enjoyment," but upon the right to receive property, "the privilege of passing title." *Walker* v. *Treasurer and Receiver General,* 221 Mass. 600; *Pratt* v. *Dean,* 246 Mass. 300; *Dexter* v. *Treasurer,* 243 Mass. 523; *Attorney General* v. *Barney,* 211 Mass. 134.

In any event, Massachusetts has no right or power to impose the tax, because it is not the State from which is derived the privilege by virtue of which this property, or an interest in this property, was acquired.

These taxing acts and taxes deny to the plaintiffs in error the equal protection of the laws. *Southern Ry.* v. *Greene,* 216 U. S. 400; *Matter of Pell,* 171 N. Y. 48. They impair the obligation of a contract within the meaning of Art. I, § 10 of the Constitution.

*Mr. Edwin H. Abbott, Jr.,* with whom *Mr. Arthur K. Reading,* Attorney General of Massachusetts, was on the brief, for the Treasurer and Receiver General.

The record presents no federal question sufficient to give this Court appellate jurisdiction. *Harding* v. *Illinois,* 196 U. S. 78; *Mutual Life Ins. Co.* v. *McGrew,* 188 U. S. 291; *Home for Incurables* v. *City of New York,* 187 U. S. 155; *Erie R. R.* v. *Purdy,* 185 U. S. 148.

This Court accepts the construction placed upon these statutes by the court below. *Chanler* v. *Kelsey,* 205 U. S. 466; *Stebbins* v. *Riley,* 268 U. S. 137. It will therefore accept the decision of that court that these statutes impose an excise upon the privilege of succession, and that such privilege of succession is not fully exercised until the gift takes effect in possession and enjoyment. *Crocker* v. *Shaw,* 174 Mass. 266; *Attorney General* v. *Stone,* 209 Mass. 186; *Burnham* v. *Treasurer & Receiver General,* 212 Mass. 165; *Attorney General* v. *Clark,* 222 Mass. 291; *Plunkett* v. *Old Colony Trust Co.,* 233 Mass. 471; *Pratt* v. *Dean,* 246 Mass. 300; *Magee* v. *Treasurer & Receiver General,* 256 Mass. 512.

This Court also accepts and is bound by the construction placed by the court below upon the deed of trust. *Nickel* v. *Cole,* 256 U. S. 222; *Enterprise Irrigation Dist.* v. *Canal Co.,* 243 U. S. 157.

It is therefore not open to question here that the interests of plaintiffs in error took effect in possession and enjoyment at Mr. Brooks' death on January 27, 1920, within the meaning of St. 1916, c. 268, § 1. Even if that question were open, it is settled adversely to plaintiffs in error. *New England Trust Co.* v. *Abbott,* 205 Mass. 279; *State Street Trust Co.* v. *Treasurer & Receiver General,* 209 Mass. 373; *Pratt* v. *Dean,* 246 Mass. 300. *Welch* v. *Treasurer & Receiver General,* 217 Mass. 348, distinguished.

It is also not open to question that the trust deed confers a power of appointment, or that the partial failure to exercise it contributed to the taking in possession and enjoyment, and so constituted a taxable disposition. *Minot* v. *Treasurer, etc.,* 207 Mass. 588; *Burnham* v. *Treasurer, etc.,* 212 Mass. 165; *Lines Estate,* 155 Pa. St. 378; *Manning* v. *Board of Comm'rs,* 46 R. I. 400. See also *Bullen* v. *Wisconsin,* 240 U. S. 625.

It is settled that a State may impose an excise upon the privilege of the donee to succeed to the property in possession and enjoyment upon the death of the grantor, as well as upon the privilege of the grantor so to transfer it. *Stebbins* v. *Riley,* 268 U. S. 137.

Moreover, the privilege of succession may be exercised in respect to a gift by deed as well as in respect to a gift by will. Hence a statute which imposes an excise upon the privilege of succession before that privilege is fully exercised by taking in enjoyment, does not impair the obligation of contract, whether the succession takes place by will or by deed. *Carpenter* v. *Penna.,* 17 How. 456; *Orr* v. *Gilman,* 183 U. S. 278; *Chanler* v. *Kelsey,* 205 U. S. 466; *Moffitt* v. *Kelly,* 218 U. S. 400; *Nickel* v. *Cole,* 256 U. S. 222. See also, *Corry* v. *Mayor etc. of Baltimore,* 196 U. S. 466.

So also a statute imposing a succession tax, which is passed before the privilege of succession is fully exercised by taking in enjoyment at the grantor's death, does not take the donee's property without due process of law or deny to the donee the equal protection of the laws, contrary to the Fourteenth Amendment. *Orr* v. *Gilman,* 183 U. S. 278; *Cahen* v. *Brewster,* 203 U. S. 543; *Chanler* v. *Kelsey,* 205 U. S. 466; *Moffitt* v. *Kelly,* 218 U. S. 400; *Nickel* v. *Cole,* 256 U. S. 222; *Wachovia Bank* v. *Doughton,* 272 U. S. 568; *Crocker* v. *Shaw,* 174 Mass. 266; *Minot* v. *Treasurer etc.,* 207 Mass. 588; *Attorney General* v.

*Stone,* 209 Mass. 186; *Burnham* v. *Treasurer etc.,* 212 Mass. 165; *Magee* v. *Treasurer etc.,* 256 Mass. 512; *Congregational Home Society* v. *Bugbee,* 101 N. J. L. 214; *American Bd. of Comm'rs* v. *Bugbee,* 98 N. J. L. 84; *State* v. *District Court,* 70 Mont. 322; *In re Short's Estate,* 16 Pa. St. 63; *Manning* v. *Bd. of Tax Comm'rs,* 46 R. I. 400.

The principle that an excise may be imposed upon the privilege of succession at any time before that privilege is fully exercised, extends to and embraces cases where the excise is imposed by an act passed after the interest has vested in law, but before it has taken effect in possession and enjoyment. Cases last cited and *Carpenter* v. *Pennsylvania,* 17 How. 456; *Nichols* v. *Coolidge,* 274 U. S. 531; *Matter of Pell,* 171 N. Y. 48. *Schlesinger* v. *Wisconsin,* 270 U. S. 230, distinguished.

Mr. Justice Stone delivered the opinion of the Court.

Plaintiffs in error are beneficiaries of a trust created by deed of Peter C. Brooks. After the death of the settlor the trustees, who, with certain Massachusetts tax officials, are defendants in error, filed in the Supreme Judicial Court of Massachusetts a petition for instructions which joined the beneficiaries of the trust and the officials as respondents, and asked a determination that the Massachusetts statutes taxing inheritances did not affect the property passing to the beneficiaries under the trust, or, if applicable, were " unconstitutional." The beneficiaries joined in the prayer of the bill and it was opposed by the state officials. The Supreme Judicial Court held the taxing acts applicable and valid. We may disregard the ambiguity of the trustees' contention below that the statutes were " unconstitutional," in so far as the state court understood that the federal Constitution was the basis for the objection and in its opinion sustained the statutes under that instrument. *Cissna* v. *Tennessee,* 246 U. S.

289; compare *Miedreich* v. *Lauenstein,* 232 U. S. 236.  To that extent the case is properly here on writ of error. Jud. Code § 237(a).

In brief and argument here plaintiffs in error have stated various constitutional objections to the taxing acts. But as on the record none of them before the Supreme Judicial Court appear to have been based on the federal Constitution, we consider only the single objection discussed as a federal question by that court in its opinion, viz., that the statutes as applied deprive plaintiffs in error of their property without due process of law because retroactive as to them.

On various dates between 1905 and 1907, Peter C. Brooks by indenture transferred to the trustees, defendants in error, or their predecessors, certain property upon trust, to pay the income to him for life or, at his option, to allow it to accumulate, and upon the death of himself and his wife to pay the income to his children, the plaintiffs in error, without any liability for their debts and without power of alienation or anticipation; with gifts over.

The trust instrument provided that its terms might be changed and the trust terminated in whole or in part by Peter C. Brooks, with the concurrence of one trustee.  Before his death, on January 27, 1920, the trust was in fact thrice altered, the last time in 1919 by providing that during the life of Peter C. Brooks the income should be accumulated and added to the principal, so that from that date his interest in the trust was terminated, except for the power with one trustee to alter or terminate it.

At the time of the several transfers there were no Massachusetts statutes imposing an inheritance or transfer tax upon property passing to children, but before the death of Peter C. Brooks the statutes now assailed were enacted.  By Mass. Acts 1909, c. 527, § 8, printed in the

margin,[1] the transfer of property passing to anyone on the exercise of a power of appointment or the failure to exercise it is made taxable as though a disposition or transfer of property taxable under the provisions of the statute taxing inheritances, Mass. Acts 1907, c. 563.

Mass. Acts 1916, c. 268, § 1, amending Mass. Acts 1907, c. 563, § 1, as amended, imposes a tax on all property passing by will, intestate succession, or gift " made or intended to take effect in possession or enjoyment after the death of the grantor or donor." By § 4 of this act the tax is made applicable only to property or interests therein " passing or accruing upon the death of persons who die subsequently to the passage hereof."

In this and earlier cases the Massachusetts court has held that the tax authorized by these statutes is a tax upon " succession " which includes the " privileges enjoyed by the beneficiary of succeeding to the possession and enjoyment of property." See *Attorney General* v. *Stone,* 209 Mass. 186, 190; *Minot* v. *Winthrop,* 162 Mass. 113, 124; *Crocker* v. *Shaw,* 174 Mass. 266, 267. It has held

---

[1] " Section 8. Whenever any person shall exercise a power of appointment derived from any disposition of property made prior to September first, nineteen hundred and seven, such appointment when made shall be deemed to be a disposition of property by the person exercising such power, taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven, and of all acts in amendment thereof and in addition thereto, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a disposition of property taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven and all acts in amendment thereof and in addition thereto shall be deemed to take place to the extent of such omission or failure . . . ."

also that the provisions of the trust instrument for change
or termination of the trust by Peter C. Brooks with the
consent of one trustee created a power of appointment
within the meaning of Mass. Acts 1909, c. 527, § 8, and
that the nonexercise of the reserved power in Brooks' life-
time as well as the fact that the interest of the benefici-
aries took effect " in possession or enjoyment " after his
death within the meaning of Mass. Acts 1916, c. 268, § 1,
required the imposition of the tax as of the date of his
death upon the entire interest in the trust passing to the
plaintiffs in error. This construction of the statutes by
the state court we accept, *Stebbins* v. *Riley*, 268 U. S.
137; *Chanler* v. *Kelsey*, 205 U. S. 466, 477, as we do its
construction of the trust deed. *Nickel* v. *Cole*, 256 U. S.
222, 225; *Moffitt* v. *Kelly*, 218 U. S. 400.

The plaintiffs in error contend that as interpreted the
statutes deprive them of property without due process
because they are taxed on an interest they had already
received before the enactment of the taxing acts. It is
said that they had vested interests or remainders subject
only to being divested by the exercise of the reserved
power, which never happened; that as their remainders
vested before the enactment of the taxing statutes these
cannot constitutionally be applied to them under the rule
laid down by this Court in *Nichols* v. *Coolidge*, 274
U. S. 531.

In *Nichols* v. *Coolidge* it was held that under the estate
tax sections of the Revenue Act of 1919—which tax the
privilege of transmission, *Nichols* v. *Coolidge, supra; New
York Trust Co.* v. *Eisner*, 256 U. S. 345—property of
which a donor had made an outright conveyance several
years before the enactment of the statute could not, on his
death after its enactment, be included as part of his tax-
able gross estate at its value at the time of his death. But
we are here concerned, not with a tax on the privilege of

transmission, not with an attempt to tax a donor's estate for an absolute gift made when no tax was thought of, and to do so at the probably appreciated value which the gift now bears, but with a tax on the privilege of succession, which also may constitutionally be subjected to a tax by the state whether occasioned by death, *Stebbins* v. *Riley, supra,* or effected by deed, *Keeney* v. *New York,* 222 U. S. 525; *Chanler* v. *Kelsey, supra; Nickel* v. *Cole, supra.* The present tax is not laid on the donor, but on the beneficiary; the gift taxed is not one long since completed, but one which never passed to the beneficiaries beyond recall until the death of the donor; and the value of the gift at that operative moment, rather than at some later date, is the basis of the tax.

So long as the privilege of succession has not been fully exercised it may be reached by the tax. See *Cahen* v. *Brewster,* 203 U. S. 543; *Orr* v. *Gilman,* 183 U. S. 278; *Chanler* v. *Kelsey, supra; Moffitt* v. *Kelly, supra; Nickel* v. *Cole, supra.* And in determining whether it has been so exercised technical distinctions between vested remainders and other interests are of little avail, for the shifting of the economic benefits and burdens of property, which is the subject of a succession tax, may even in the case of a vested remainder be restricted or suspended by other legal devices. A power of appointment reserved by the donor leaves the transfer, as to him, incomplete and subject to tax. *Bullen* v. *Wisconsin,* 240 U. S. 625. The beneficiary's acquisition of the property is equally incomplete whether the power be reserved to the donor or another. And so the property passing to the beneficiaries here was acquired only because of default in the exercise of the power during the donor's life and thus was on his death subject to the state's power to tax as an inheritance.

Without considering the other statutes involved, we need not go further than to say that the statute of 1909,

imposing the tax because of the failure to exercise the power of appointment, does not deprive plaintiffs in error of their property without due process of law.

*Affirmed.*