J. FREDERICK TALCOTT, GRACE TALCOTT VAN NORDEN, EDITH TALCOTT BATES, AND WARNER M. VAN NORDEN, EXECUTORS OF THE LAST WILL AND TESTAMENT OF HENRIETTA E. TALCOTT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16136. Promulgated March 22, 1929.

*Frederick C. Tanner, Esq.*, for the petitioners.
*James L. Backstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: We are satisfied that the petitioner is correct in regard to its third allegation of error and that the item of $1,733 was improperly included in the decedent's gross estate by the Commissioner. From the testimony we are convinced that the decedent at the time of her death had no chance to get any of this money, for before she could get it affairs of the copartnership of which she had been a member would have had to have been wound up and the expenses of such a winding up would have exceeded this amount of money, which was the only money available for the purpose. Under these circumstances it seems foolish to say that any amount should be included as a part of her gross estate on account of this item.

The question of whether or not the entire value of the two trust estates should be included in the decedent's gross estate in view of the recent decisions of the Supreme Court of the United States in *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, and *Chase National Bank* v. *United States*, 278 U. S. 327, must be decided for the respondent. There can be no doubt that Henrietta E. Talcott, the decedent, could have revoked these trusts in accordance with their terms at any time up to death. In the above cited cases the Supreme Court rested its decision on the ground, earlier suggested with respect to the Fourteenth Amendment in *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 271, that a transfer made before the enactment of the statute in question and subject to an absolute power of revocation in a transferor, terminable at his death, is not complete until his death and hence section 402 as applied to it is not retroactive where his death follows the passage of the statute.

Under the provisions of the two trust instruments here in question certain of the beneficiaries might have come into full possession of their respective shares of the trust property prior to the death of Henrietta E. Talcott, and under one of the trust instruments Henrietta E. Talcott reserved none of the income from the trust property to herself. However, in our opinion the principles laid down by the Supreme Court of the United States in its two recent decisions above cited are controlling here and we therefore hold that the Commissioner's determination in imposing the tax on the transfer of the entire corpus of each of these two trusts was correct.

*Judgment will be entered under Rule 50.*