McCAUGHN, Collector of Internal Revenue, v. FIDELITY TRUST CO. et al.

Circuit Court of Appeals, Third Circuit. August 22, 1929.

No. 3601.

George W. Coles, U. S. Atty., of Philadelphia, Pa. (C. M. Charest, Gen. Counsel, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for plaintiff in error.

Clement Wood, of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This was an action instituted by the Fidelity Trust Company et al., administrators of the estate of Sarah Brooke Dolan, deceased, to recover federal estate taxes assessed and collected under the provisions of the Revenue Act of 1918. In 1908 Mrs. Dolan executed a deed of trust, in which she transferred to the Fidelity Trust Company of Philadelphia, as trustee, a large amount of securities, with directions to pay over the net income thereof to her three sons, one-third to each, during their natural lives, and then to their descendants until 21 years after the death of the last surviving lineal descendant living at the time of her death. At the end of that period the trust was to terminate, and the corpus of the estate was to "go and be transferred and set over by the trustee in equal shares to all the issue of the said three sons of the said Sarah Brooke Dolan then living, their heirs, executors, administrators and assigns, absolutely and forever, such issue to take per stirpes and not per capita."

She reserved the power to revoke the trust in the following language: "The said Sarah Brooke Dolan at any time during her life hereby expressly reserves to herself the right to revoke this trust in its entirety or from time to time to add to, alter or amend the same as to her shall seem fit."

Mrs. Dolan died on August 17, 1920, intestate, without changing or revoking the trust. The executors of her estate did not include these trust fund securities in their return for her gross estate. The Commissioner of Internal Revenue, upon a review and re-audit, included them and assessed an additional tax of $18,399.36 against her estate, $16,211.52 of which was in consequence of the inclusion of these trust funds in her gross estate. The tax was paid under protest, and a claim for refund was filed and rejected. Thereupon this suit was brought.

The defendant filed a statutory demurrer to the statement of claim, which the court overruled with leave to plead, but he elected to stand on the demurrer, and the court entered judgment for the plaintiff for the amount claimed, with interest, and that judgment is here on the collector's writ of error.

Section 402 of the Revenue Act of 1918 (40 Stat. 1097) provides:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

Admittedly Mrs. Dolan created a trust in 1908. The question in issue is whether or not the securities constituting this trust fund were part of her gross estate, which was intended to take effect in possession or enjoyment at or after her death. In other words, was the termination at the death of Mrs. Dolan of the power of revocation and the consequent passing to the designated beneficiaries of all their rights in the securities free from the possibility of its exercise a legitimate subject of a transfer tax?

We are concerned here with a tax, not upon the securities, but upon the privilege of transfer. The statute imposes a tax on the privilege of transferring the property of a decedent at death, and this privilege is measured by the value of the interest transferred, or which ceases at death. Lederer v. Northern Trust Co. (C. C. A.) 262 F. 52; Chase National Bank v. United States, 278 U. S. 327, 334, 49 S. Ct. 126, 73 L. Ed. 405.

The gift never passed to the beneficiaries beyond recall until the death of Mrs. Dolan, and the value of the gift at that "operative moment is the basis of the tax." The power of revocation, unexercised by the donor, leaves the transfer as to him incomplete, and gives him a legal interest which is subject to the tax, whether it be one of succession or transfer. Bullen v. Wisconsin, 240 U. S. 625, 36 S. Ct. 473, 60 L. Ed. 830; Saltonstall v. Saltonstall, 276 U. S. 260, 271, 48

S. Ct. 225, 72 L. Ed. 565; Reinecke v. Northern Trust Company, 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410.

That the tax was rightly imposed on the securities, constituting the trust fund, as part of Mrs. Dolan's gross estate, is inescapable, under the facts in this case and the authorities cited above.

The judgment of the District Court is reversed.