Sybil J. Morrison, Administratrix, Estate of Arthur J. Morrison, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 21187.  Promulgated November 22, 1929.

*Ralph W. Smith, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

### OPINION.

Van Fossan: Respondent determined a deficiency in estate taxes amounting to $3,638.40.  Petitioner alleges as error (1) the inclusion of all of the community property of decedent and his wife in the taxable estate; (2) the determination of a deficiency based on an erroneous refund; (3) the determination of a defiiciency after a final and binding adjustment and settlement was made; (4) the bar of the statute of limitations.

It is pleaded and admitted that the decedent died a resident of California and that all of the property in the estate of decedent was community property of the marital community.

The first ground of error is not well founded. *Griffith Henshaw, Executor*, 12 B. T. A. 1441; affirmed by the Circuit Court of Appeals, 31 Fed. (2d) 946; certiorari denied, 280 U. S. 43 A.

A similar ruling applies to the second ground alleged. *Oilbelt Motor Co.*, 16 B. T. A. 831.

To establish the third ground of error it was incumbent on petitioner to present evidence of a final or closing agreement.  No such evidence was presented.  The making of a refund does not, of itself, constitute such a settlement.  The third ground of error is therefore not established.

The last error urged by petitioner is the bar of the statute of limitations against collection.  That she is not seriously relying on this position may be inferred from the fact that counsel makes no reference to the question in his brief.  From the argument made by the same counsel in another case, involving similar issues, we understand his position to be that the filing of a petition before the Board does not suspend the running of the statute of limitations as to deficiencies in estate taxes.

Section 318 of the Revenue Act of 1926 provides that, where after the enactment thereof, the respondent determines that assessment

should be made with respect to the tax imposed by the Revenue Acts of 1917, 1918, and 1921, he is authorized to send a notice thereof, and that such notice shall be considered a notice under section 308(a) of the same Act. Section 308(a) prohibits the Commissioner from making an assessment of a deficiency until after the mailing of such notice, and the lapse of 60 days thereafter, and if a petition is filed with the Board, until after the decision of the Board becomes final. Subdivision (b) of section 308 of the same Act provides that the deficiency redetermined by the Board shall be assessed and paid upon notice and demand. Section 310(b) of the Revenue Act of 1926 provides that the running of the statute of limitations on the making of assessments and the beginning of distraint or a proceeding in court for collection in respect of any deficiency shall be suspended for the period during which the Commissioner is prohibited from making the assessment, and for 60 days thereafter.

On examination it is readily seen that these sections of the revenue acts integrate perfectly and that the filing of a petition before the Board operates to suspend the running of the statute of limitations as to estate taxes until the Board's decision has become final and for 60 days thereafter.

The statute of limitations does not bar the assessment and collection of the deficiency herein.

*Decision will be entered for the respondent.*