FANNIE C. RICHARDSON, WALTER M. CAMPBELL, AND L. REVEL MILLER, TRUSTEES FOR CHARLES RICHARDSON, JR., LETHA R. MORRIS AND ANNA R. KNIGHT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18303. Promulgated September 10, 1930.

*Ralph W. Smith, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

730

OPINION.

Van Fossan: The issue as to the statute of limitations raised by petitioners is decided adversely to petitioners on authority of *Sybil J. Morrison, Administratrix*, 18 B. T. A. 336. The timely initiation of a proceeding before the Board suspends the running of the statute of limitations in estate-tax cases.

Respondent presented no evidence on the issue raised by him as to omission from the taxable estate of the value of the wife's interest in certain community property and in his brief abandons the issue.

There remains only the question of the inclusion in the gross estate of the sum of $60,419.77, being the amount realized on the life insurance policy above the $40,000 exemption provided by section 402 (f) of the Revenue Act of 1921, which provides that the value of the gross estate shall be determined by including the value at the time of death of all property, real or personal, tangible or intangible, wherever situated—

(f) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken but by the decedent upon his own life.

No brief having been filed by counsel for petitioners, we are unadvised of the grounds of their defense against this affirmative allegation and can only conjecture as to the arguments they would advance. Respondent contends that the case falls squarely within the rule of the Supreme Court in *Chase National Bank* v. *United States*, 278 U. S. 327. In that case the court had for determination two questions certified by the Court of Claims under section 288, title 28, U. S. Code, 43 Stat. 939, i. e.: (1) " Whether the tax imposed by the final clause of section 402 (f), Revenue Act of 1921, 42 Stat. 278, on life insurance policies payable in terms to beneficiaries ' other than the decedent or his estate ' is a direct tax on property and void because not apportioned." (2) " Whether the $9,146.76 tax imposed bears such an unreasonable relation to the subject matter of the tax as to render it void."

The court sustained the constitutionality of the Act and held that the tax was not void because unreasonable. If it be assumed that petitioners are here urging the unconstitutionality of the Act and the unreasonableness of the tax imposed, this decision is conclusive on these questions.

If, on the other hand, petitioners rely on *Lewellyn* v. *Frick*, 268 U. S. 238, in which it was held that the Revenue Act of 1918 did not apply to the proceeds of insurance policies the right to which had vested in the beneficiary before the passage of the Act, suffice it to say that in the instant case the power of revocation reserved to the insured postponed the vesting of any rights in the beneficiaries until the death of the insured. See *Saltonstall* v. *Saltonstall*, 276 U. S. 260; *Chase National Bank* v. *United States, supra;* and *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339. The respondent is sustained in his contention.

*Decision will be entered under Rule 50.*