*1111 OPINION.
Trammell:
The facts were stipulated by the parties substantially as set out in our findings of fact, above. In addition, the parties also stipulated:
That the sum of $500,000 is the total deficiency in Federal Estate Tax due by the petitioners by reason of the questions presented in this case, except only the single question * * * whether or not, and if so, to what extent, there may be a deficiency in Federal Estate Tax due by the petitioners, in addition to said sum of $500,000 by reason of the claim of the respondent that the value of the trusts created by said James B. Duke as grantor, by trust instruments dated respectively May 2, 1917, and September 4, 1917, were by him “ intended to take effect in possession or enjoyment at or after his death ” in the sense of those words as used in Sec. 302 (c) of the Revenue Act of 1924; * * *
That if the question submitted * * * be finally decided to any extent against the petitioners, then, and in that event only, the deficiency in Federal Estate Tax shall be increased over and above the said sum of $500,000 to the extent of the additional Federal Estate Tax resulting from said decision, such additional tax to be computed as required by the statutes * * * and with due credit for State Inheritance Taxes paid by the petitioners to the extent not theretofore credited.
The Revenue Act of 1924, which is the statute applicable in this case, provides in pertinent part as follows:
Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated — ■
* * * * ⅜ * #
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money’s worth. * * *
The decedent in this case executed two trust instruments on May 2, 1917 and September 4, 1917, respectively, by which he conveyed to himself as trustee, for the benefit of his daughter Doris Duke and *1112 her descendants, the personal property described therein. The decedent also appointed in the respective instruments successor trustees. Each trust instrument, together with the properties embraced therein, was delivered on the day of its date upon the terms and for the purposes stated, and each trust was formally accepted both by the trustee and the successor trustees.
The grantor did not reserve the power to alter or revoke either instrument, with or without the consent of the beneficiary. The trust properties were to revert to the grantor only in the event the beneficiary died during his lifetime. Otherwise, the transfers were absolute and complete. The beneficiary survived the grantor, and upon his death the designated successor trustees took possession of the trust properties and have since administered the trusts in accordance with their terms, without any other change by reason of the death of the grantor.
As stipulated by the parties, we have found that neither of the trust instruments constituted a transfer or created a trust in contemplation of the grantor’s death. The respondent included the value of the trust properties in the decedent’s gross estate on the sole ground that the trusts were “ intended to take effect in possession or enjoyment at or after his death.”
Whether the respondent’s action on this point is correct constitutes the question presented for decision here, and its solution must depend upon the nature and extent of the transfers effected by the trust instruments. The tax in controversy is an excise tax laid upon the transfer of property by death, and is measured by the value of the property so transferred. Therefore, if the decedent in this case by the said trust instruments divested himself fully, completely and irrevocably of all interest in the trust property which might inure to his benefit, no interest therein remained to be transferred as an incident of his death, and there is no basis for the tax. Cf. Saltonstall v. Saltonstall, 276 U. S. 260.
In Reinecke v. Northern Trust Co., 278 U. S. 339, where the applicable statute was section 402 (c) of the Revenue Act of 1921, which, so far as material here, is substantially the same as section 302 (c) of the 1924 Act, supra, the court said:
In its plan and scope the tax is one imposed on transfers at death or made in contemplation of death and is measured by the value at death of the interest which is transferred. * * * One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, * * *
It is of significance, although not conclusive, that the only section imposing the tax, section 401, does so on the net estate of decedents and that the miscellaneous items of property required by section 402 to be brought into the gross estate for the purpose of computing the tax, * * * are either property transferred in contemplation of death or property passing out of the *1113 control, possession or enjoyment of the decedent at his death. The two sections read together indicate no purpose to tax completed gifts made by the donor in his lifetime not in contemplation of death, where he has retained no such control, possession or enjoyment. In the light of the general purpose of the statute * * * we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c) “ to take effect in possession or enjoyment at or after his death,” include any others than those passing from the possession, enjoyment or control of the donor at his death and so taxable as transfers at death under section 401. That doubt must be resolved in favor of the taxpayer.
The facts of this case bring it squarely within the principles above stated by the Supreme Court. The decedent made an absolute and unconditional gift of the property embraced in the two trusts. It is true the instruments provided that the property should revert to the decedent if the beneficiary predeceased him, but this was.a mere possibility which did not in fact occur. Such possibility of reversion did not prevent the gift from being complete. In the case of Commissioner v. McCormick, 43 Fed. (2d) 277, the Circuit Court of Appeals for the Seventh Circuit held that the fact that the settlor could revoke the trust if the beneficiary predeceased her was a factor to be considered in determining whether the trust was revocable or whether the gift was to take effect in enjoyment or possession at or after death, but the Supreme Court reversed that decision (McCormick v. Commissioner, 283 U. S. 784) on authority of May v. Heiner. In the case at bar the trust was not revocable. We passed on a similar question in the case of Lillian M. Wheeler, Executrix, et al., 20 B. T. A. 695, and the Supreme Court in the case of May v. Heiner, 281 U. S. 238, decided the question adversely to the Commissioner.
In this case the trust was actually created and took effect and the property passed to it before decedent’s death. Nothing passed at or after his death. The fact that there was a bare possibility that the property which had already passed to the trust for the beneficiary might revert to the grantor during his lifetime, not by any act on his part, does not have the effect of reserving to the grantor any rights or benefits which passed at or after his death. He might have, by a bare possibility, reacquired the property during his life, but he did not. In the case of any gift by a man to his child or wife there is always a possibility that the donée may die, leaving the grantor sole heir and thus a possibility of the donor reacquiring the property, but clearly this mere possibility is not sufficient to create or reserve in the donor property rights which pass to the donee only at or after the donor’s death where the donee has had both the possession and enjoyment thereof during the donor’s lifetime. This might equally be true whether the trust instrument contained any such provision or not. This contingency or possibility did not give the donor any *1114 rights of control over the property. He could not have recalled the property to himself. When he died he was not seized or possessed of the property.
Decedent did not retain control over the economic benefits or enjoyment of the property. He retained no control which might inure to his own benefit. He did not reserve the power to change, modify or revoke the trusts. He could not designate a new and different beneficiary. The fact that he appointed himself trustee with power to administer the trust properties for the benefit of his daughter does not change the result. See Lillian M. Wheeler, Executrix , et al., supra. In Reinecke v. Northern Trust Co., supra, the court made this point clear in the following language:
Nor did tlie reserved powers of management of the trust save to decedent any control over the economic benefits or the enjoyment of the property. He would equally have reserved all these powers and others had he made himself the trustee, hut the transfer would not for that reason have teen incomplete. The shifting of the economic interest in the trust property which was the subject of the tax was thus complete as soon as the trust was made. His power to recall the property and of control over it for his own benefit then ceased and as the trusts were not made in contemplation of death, the reserved powers do not serve to distinguish them from any other gift inter vivos not subject to the tax. [Italics supplied.]
We see no basis for the contention of the respondent that the transfer of the property was contingent. The property was clearly transferred from the decedent, by the trust instruments. As above set out, the fact that he was trustee is of no importance. Any uncertainty or contingency as to who might eventually receive the trust corpus as the result of the named beneficiary dying or the fact that under a certain contingency the legal heirs of decedent might receive the property does not indicate that the decedent had not parted with the property and all economic benefits thereof in his lifetime. We can not overlook the plain fact that the decedent did not own the property or any economic benefits therein when he died or the fact that no economic interests or benefits therein passed at his death. The entire disposition of the property in so far as the decedent was concerned was completed during his lifetime. The death of the decedent was not the generating source of any right in any beneficiary. Nothing moved from him on his death in so far as the property here involved is concerned. It is unimportant that under certain circumstances other or different beneficiaries might eventually, pursuant to the trust instrument, receive the corpus.
The decedent, however, did not reserve any right to change beneficiaries or to direct any disposition of the property until his death.
We think, the respondent erred in including in the decedent’s gross estate the value of the properties embraced in the two trust *1115 instruments in question. His action on this point is, therefore, reversed. See Shukert v. Allen, 273 U. S. 545; May v. Heiner, 281 U. S. 238; Coolidge v. Long, 282 U. S. 582; McCormick v. Commissioner, supra; Lillian M. Wheeler, Executrix, 20 B. T. A. 695.
In accordance with the stipulation of the parties,

Judgment will be entered that there is a deficiency in the amount of $500,000.