Luis James Phelps and Thomas B. Scott, Jr., as Executors of the Last Will and Testament of Thomas B. Scott, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 50336.   Promulgated April 26, 1933.

*William G. Murphy, Esq.,* for the petitioners.
*Frank B. Horner, Esq.,* for the respondent.

OPINION.

SMITH: The stipulated facts show that none of the several transfers was made in contemplation of death. On brief the respondent states that:

In view of the decision of the Supreme Court in *Donman* v. *Heiner*, 52 Sup. Ct. 358, respondent concedes that the value of the property transferred by

the decedent to his son on October 6, 1927, by absolute gift, as set forth in the stipulation of facts, paragraph numbered (7), is not subject to the estate tax and should, therefore, be excluded from the value of the gross estate.

This leaves in issue the taxability of the corpus of the three trusts created by the decedent for the benefit of his son, daughter, and wife. No contention is made, and the trust deeds would not support such contention if made, that the trusts were revocable. Our question then is to determine whether there was a transfer " intended to take effect in possession or enjoyment at or after " decedent's death within the purview of section 302 (c) of the Revenue Act of 1926.

The respondent dwells much on the reversionary and remainder interests involved in the several trusts; and we have recently had occasion to consider exhaustively such possibilities under the New York law (applicable in this proceeding), and call attention to our decision in *Elizabeth B. Wallace, Executrix*, 27 B. T. A. 902.

In creating the trusts for the benefit of his son and daughter, the decedent divested himself of all interest in the trust *res*, reserving to himself neither the reversion nor the right to dispose of the remainders after the termination of the precedent life estates. *May* v. *Heiner*, 281 U. S. 238, is authority for holding that the corpus of these trusts is not to be included in the decedent's gross estate.

In creating the trust for the benefit of his wife, the decedent reserved to himself the right to dispose of the remainder upon the termination of the wife's life estate, and in the event of his failure to exercise that right of appointment, the remainder went to his descendants as provided in the trust deed. These provisions left the transfer incomplete and subject to tax. *Saltonstall* v. *Saltonstall*, 276 U. S. 260; *Chase National Bank* v. *United States*, 278 U. S. 327. The petitioners concede as much, but argue that:

* * * The retention of this power of appointment undoubtedly makes taxable the value of that remainder interest, that is to say, the value of the full trust fund less the value at decedent's death of the widow's life interest.

However, the widow's life interest is not taxable and for two reasons:

A. The widow's life interest was not created by a transfer " intended to take effect in possession or enjoyment at or after (decedent's) death " (Act, Section 302c). It was created by the trust deed executed on 3 May, 1927, a year prior to death, and taking effect forthwith in possession and enjoyment.

B. The creation of this life interest in the widow's favor was a " bona fide sale for an adequate and full consideration in money or money's worth " (Act, Section 302c). The consideration was the agreement made between Mr. Scott and his widow prior to their marriage that if she would marry him, he would create a trust for her benefit, an agreement faithfully carried out by both parties (Stipulation, Par. 6.) Under cases such as *Ferguson* vs. *Dickson*, 300 Fed. Rep. 961, and *McCaughn* vs. *Carver*, 19 Fed. Rep. (2nd) 126, agreements such as this are held to satisfy the above quoted portion of the Act.

The cited cases lend color to the petitioners' argument, which, however, is amply substantiated by the facts. The decedent retained only the power to dispose of the remainder after the wife's life estate, and failing the exercise of that power, his descendants would receive the remainder upon the termination of the life estate. The wife's interest, that is her life estate, was irrevocably created in accordance with the antenuptial agreement, and vested in her at the time of the creation of the trust. The decedent's death did not in any way alter her interest. In these circumstances we hold that the stipulated value as of the date of the decedent's death of the corpus of the trust for the benefit of the wife, less the present value of her life estate on that date, should be included in the decedent's gross estate.

Pursuant to the stipulation and in accordance with the provisions of section 301 (b) of the Revenue Act of 1926, as amended by section 802 of the Revenue Act of 1932, there should be credited against the estate tax redetermined in accordance with this opinion, the amount of the inheritance taxes paid to the several states.

*Judgment will be entered under Rule 50.*