*Decision will be entered under Rule 50.*

F. F. NICOLA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57417.   Promulgated February 14, 1936.

*W. D. McBryar, Esq.*, and *Geo. M. Hosack, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

1114

. OPINION.

BLACK: As has already been stated, petitioner concedes that the addition of $12,991.75 dividends which the Commissioner has made to his 1928 income is correct. Effect will be given to his concession in a recomputation under Rule 50. There remain two issues for us to decide: (1) Was the commission of $101,250 paid by Miller Co. for the sale to Brandtjen & Kluge taxable income to petitioner? (2) If the $101,250 in question was income to petitioner, did he omit

it from his income tax return because of a fraudulent intent to evade the tax upon such transaction?

The burden of proof is different upon the two issues. Upon issue (1) the burden of proof is on petitioner. The Commissioner has made a determination that the $101,250 in question was a part of petitioner's income for 1928 and the presumption is in favor of the correctness of the Commissioner's determination. The burden is on petitioner to overcome it by satisfactory evidence.

On issue (2) the burden of proof is on the Commissioner. He has added a fraud penalty to the deficiency which he has determined and the burden of proof is placed by statute upon him to sustain this fraud penalty. A discussion as to the difference in the burden of proof as to the two issues is found in *L. Schepp Co.*, 25 B. T. A. 419, at pages 436 and 437.

We will first take up for determination issue (1). Petitioner contends that the $101,250 in question was not earned by him in his individual capacity but as an officer of the Point Co. for its benefit. If we find that the evidence sustains petitioner in this contention, he wins.

But respondent contends that the evidence does not show that petitioner earned these commissions as an officer of the Point Co., but that on the contrary it shows that he earned them in his individual capacity and merely assigned the commissions to the Point Co. after they were earned, and that under the income tax laws income is taxable to him who earns it and no assignment of income can defeat the tax to him who earned it. The legal question in a matter of this kind is not difficult but it is often exceedingly difficult on facts such as we have in the record in the instant case, where the taxpayer was an officer of several corporations, to determine whether in the particular transactions involved he was acting in his capacity as officer of one or more of the corporations or in his individual capacity in earning the income in question.

In *Van Meter* v. *Commissioner*, 61 Fed. (2d) 817, the court gave a very interesting discussion of the rules governing the determination of to whom income is taxable. Among other things the court said in that opinion:

In determining who is taxable for an income, there are three considerations which *may* be of importance, to-wit, who earns the income, who receives it, and who enjoys it. Where the same person earns, receives, and enjoys the income (the normal and usual situation), there is no difficulty. Where different persons earn, receive and/or enjoy the income, disputes occur. In determining such disputes, the vital matter is always the relation of the earner (whether a person, owner of property or combination of the two) of the income to the income so earned. The rule and intent of the taxing statutes is that the earner of income which he might and, normally, would receive and enjoy for himself is not relieved because he chooses not to receive or not to

enjoy it, and this is not necessarily changed by such deprivation taking the form of an obligation legally binding him thereto. If there exists a legal relationship of the earner to others which results in the earnings (in part or whole) being for the benefit of others than the actual earner, the statutes do no attempt to tax the earner for such income as he was not earning in his own right, but where the earner of the income does nothing more than transfer the income earned in his own right to another, even though such disposal be in advance of the earning thereof (*Burnet* v. *Leininger* and *Lucas* v. *Earl*, supra), or where he retains any power of control over the income earning property or the income therefrom (*Corliss* v. *Bowers*, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916, and analogous as to transfer tax *Ohase Nat. Bank* v. *U. S.*, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397, and as to State succession tax *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565), such income is taxable to him within the intent of the statute (*Burnet* v. *Leininger, Lucas* v. *Earl*, and *Corliss* v. *Bowers*, supra).

The part of the court's opinion above quoted which is most applicable to the contention made by petitioner is, we think, that part which reads: "If there exists a legal relationship of the earner to others which results in the earnings (in part or whole) being for the benefit of others than the actual earner the statutes do not attempt to tax the earner for such income as he was not earning in his own right."

The court then cites in a footnote as instances to illustrate the court's meaning, as follows: "Instances are where an employee earns money through his efforts for his employer (such as sales agents); where a partner earns for a partnership (*Burnet* v. *Leininger*, 285 U. S. 136); or a husband for a community estate (*Poe* v. *Seaborn*, 282 U. S. 101)." The court might have added to these illustrations, the instance where an officer is acting for a corporation in transactions by which profits are earned for the corporation. The thing we have to decide here is whether Nicola in negotiating the sale of assets of the Miller Co. to Brandtjen & Kluge and in earning the commissions in question earned them for himself as an individual or earned them as an officer representing the Point Co. We have carefully examined every bit of evidence in the record and we do not feel warranted in finding that in negotiating and effecting this sale Nicola was acting as an officer of the Point Co. Henry A. Brandtjen, who was one of those representing the purchasers of the property, testified that in purchasing it he carried on the transactions with F. F. Nicola representing the Miller Printing Co., and that in the negotiations he had no negotiations with the Point Co.

The reason for assigning this commission to the Point Improvement Co. is stated by Nicola in his testimony, as follows:

The Point Improvement Company's business in itself that year would have meant a loss of $53,000. This commission of $101,250 was given to the Point

Improvement Company for the reason that I have spoken before, of its relationship with the interests of the Miller Company and the fact that it was my business as the president of the company to seek endeavors that would be profitable to each one of those corporations of which the Point Improvement Company was one and to them I gave this assignment.

He further testified that practically all the business he transacted was transacted through his respective corporations and that has been so for the last 30 years. In this connection he testified: "When I undertake a problem, I decide to which one of these corporations I will allocate the results." We do not think that the incidence of the income tax can be so easily shifted as that. There is no evidence in the record which shows that the Point Improvement Co. had any contract, oral or otherwise, with the Miller Co., to sell the assets in question. If such a contract had been shown it would be reasonable enough to hold that Nicola was acting for the Point Co. in the transactions. No corporate minutes of either company bearing upon the subject were introduced. We have not overlooked the testimony of Paul C. Dunlevy, wherein he testified in part as follows:

Q. How many meetings were there, if you remember, around September and October, 1928?

A. The first meeting with Mr. Brandtjen in 1928 on the subject of the sale of these patents and the patents pertaining to the feeders was in New York City.

Q. Were you present?

A. Yes, sir.

Q. Were you a director of Miller Printing Machinery Company?

A. I was, and vice president.

Q. What other officers or directors were present at that meeting in New York?

A. Nobody but Mr. Nicola and myself, representing the Point Improvement Company and the Miller Printing Machinery Company.

While this evidence is, of course, entitled to some weight in passing upon the issue which we have here to decide, we do not think it is of sufficient weight to overcome the other evidence which has been cited. Nor do we think that the fact that the Miller Co. credited on its books the $101,250 in question to the Point Co. is controlling. The controlling question is: Were the commissions earned by Nicola for and on behalf of the Point Co., and was he acting for it in the transactions in question? As already stated, we can not find that they were. The mere fact that Nicola assigned or allocated the commissions to the Point Co. after they were earned, and they were thus credited to it, would not, as we have already stated, change the incidence of the tax. Such assignment or allocation would simply mean a capital contribution on his part to the Point Co.

Also, the fact that the Point Co. included the $101,250 in question in its income for 1928 would not be controlling. If the income in question was not its taxable income, the fact that it returned it as such would not make it so. Its remedy in case of such an error would be to apply for a refund. On careful consideration of all the evidence we sustain respondent as to issue (1).

As to issue (2) we feel that we must hold in favor of the petitioner.

There is no plea of *res adjudicata* here, but the Circuit Court of Appeals has considered the same evidence, passed on the same identical facts, and reversed the verdict in the lower court that there was fraud and remanded the case for a new trial.

The principal evidence relied upon by the respondent in that case to establish fraud was a typewritten letter dated December 1, 1928, signed in typewriting with petitioner's name and found among the papers of the Miller Co., which was as follows:

Mr. Girts:

Herewith find a number of salesmen's items that I have taken over from the Miller P. M. Co. on which the collections are expected to be made and credited to me.

Report to me on this the 15th day of every month. I have not entered these on my books although I may do so in connection with taxes if we can declare a loss without bringing suit.

It is very important that I have directly and I know this will take a great deal of time and overtime a study of what shift is necessary for me to put on the various books in connection with profits and losses for 1928. As we understand it there is a heavier tax on the individual than on the corporation and therefore I want to pass as many of these profits through land companies like the Point Improvement Company, Nicola Bros. Co., or Nicola Land Co. as I can. Make a careful survey of all of this year's transactions. I anticipate in view of having sold 240 shares of Chase National Bank that I will have a very large amount to account for there.

Let me know what each one of the companies seem to have in overhead burden that would be an offset to possible profits that might be swung to them.

F. F. NICOLA.

This letter was held inadmissible as evidence by the Circuit Court on the ground that it was not shown to have been written or authorized by the petitioner Nicola.

The parties at the hearing in this proceeding stipulated:

We have agreed to submit the case on the record, that is, on the record at No 5248, October Term, 1933, in the United States Circuit Court of Appeals for the Third Circuit, wherein F. F. Nicola, defendant below, is the appellant and the United States of America is the appellee.

In view of the foregoing stipulation, we do not regard the letter as in evidence before us and we have not considered the so-called letter as evidence for any purpose.

We do not think that the evidence which we have considered, and which is legally a part of the record, is sufficient to show that any part of the deficiency is due to fraud with intent to evade the tax. See section 293 (b), Revenue Act of 1928. On this issue we hold in favor of the petitioner.

Reviewed by the Board.

*Decision will be entered under Rule 50.*