THEODORA CASEY TOPLIFFE, ADMINISTRATRIX, C. T. A. OF ESTATE OF HARRIET M. CASEY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88565. Promulgated January 3, 1939.

*Dion S. Birney, Esq.*, for the petitioner.
*Willis R. Lansford, Esq.*, and *Ralph F. Staubly, Esq.*, for the respondent.

DISNEY: This proceeding involves estate tax. Respondent determined a deficiency of $5,492.97. All facts were stipulated, and such stipulation is adopted as our findings of the fact, which will be set forth herein only in so far as necessary to a consideration of the issue presented. Petitioner contends that the trust involved, though reserving income for life to the settlor, was formed in 1924, and determinable under the Revenue Act of 1924, and therefore was not as a matter of law made in contemplation of or intended to take effect in possession or enjoyment at or after death; that the remainder interests created vested at the time of formation of the trust; and that as a matter of fact the motive was not contemplation of death, but was relief from financial responsibility and based upon family precedent.

Harriet M. Casey on June 7, 1924, at the age of 84 years, executed an irrevocable trust agreement, reserving all income to herself for life. She died in 1934. In the trust instrument provision was made for remainder interest to the last survivor of settlor's three children. Two of said children predeceased the settlor, and the petition herein was filed by her only surviving child as administratrix *cum testamento annexo* of the estate of the deceased settlor. The administratrix filed an estate tax return, reporting a gross estate of approximately $21,000, with deductions leaving no net tax liability, and disclosing the trust agreement entered into on June 7, 1924, with assets constituting the trust fund of approximately $135,000, but asserted that no part of such trust fund was subject to inclusion as gross estate of decedent. The Commissioner included as gross estate trust assets which had a value of $135,997.20 at the date of settlor's death.

The joint resolution of 1931 and section 803 (a) of the Revenue Act of 1932 are prospective in operation, and the trust here involved is to be considered under the provisions of the Revenue Act of 1924; and it is not, therefore, subject to tax merely because of reservation of the income from the trust estate for life to the settlor. *Hassett* v. *Welch*, 303 U. S. 303; *Welch* v. *Hassett*, 90 Fed. (2d) 833; *May* v. *Heiner*, 281 U. S. 238. Therefore, we have for consideration the question whether under the Revenue Act of 1924 the trust was created in contemplation of or intended to take effect in possession or enjoyment at or after the settlor's death, to be considered first as one of law and then one of fact.

The petitioner contends, in effect, that the trust passed completely beyond the settlor's control on June 7, 1924, that the settlor's children took vested remainders on that date, and that therefore as a matter of law there was no transfer in contemplation of, or to take effect at, settlor's death; while respondent in substance advances the proposi-

tion that the incident for the Federal estate tax is the transfer of the technical estate by title, that on June 7, 1924, there was no such transfer, but that the transfer contemplated by the statute took effect at death.

The provisions of the trust instrument are somewhat peculiar, and in fact to some extent self-contradictory. The entire net income from the trust fund is to be paid to settlor during her life; yet, the trust shall cease upon death of any two of settlor's three children, and the trust fund shall be paid absolutely to the last survivor of the three children. It is not stated that this shall be done only after settlor's death, and in fact two of the three children died prior to the settlor. Again, no provision is made as to possibility of simultaneous death of the three children prior to settlor's death; though provision is made for that contingency after settlor's death by a clause stating that in default of survivor, the trust fund is to be transferred to grantor's then surviving heirs at law *per stirpes*. After settlor's death, the income is to be paid to the three children, if they survive settlor, and/or to the children surviving the one deceased. In short, the child who survives the two others is to receive the trust estate, the others only income therefrom; but the instrument is inconsistent in that it does not limit such disposition of the trust estate to a period after settlor's death, nor provide for succession thereto in case of simultaneous death of all three children during settlor's life. We think, however, that the provision reserving payment of all income of the trust to settlor for life reasonably means that there shall be no transfer or devolution of the principal of the trust estate during settlor's lifetime, even though one child has survived the others. Apparently, the instrument was so construed by the parties, since nothing indicates that the sole survivor of the children during the settlor's life attempted to take possession of the corpus of the trust fund. There remains open, however, the question as to disposition of the principal trust fund in case all children should die simultaneously during the life of settlor. In such event, the principal would revert to the settlor, and we contemplate at least a possibility of reverter to settlor, if not a contingent remainder. Is this situation such as to indicate that title did not pass on June 7, 1924, but was to pass at settlor's death? So far as concerns possibility of reverter to settlor by reason of simultaneous death of the three children prior to settlor's death, or by reason of no child surviving settlor, such possibility of reverter does not require inclusion of the trust fund in gross estate. *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39; *Elizabeth B. Wallace, Executrix*, 27 B. T. A. 902; affd., *Helvering* v. *Wallace*, 71 Fed. (2d) 1002; certiorari denied, 293 U. S. 600. We think the same cases indicate that the remainder interest created herein on June 7, 1924, was vested and not contingent.

We are strongly urged, however, by the respondent to consider *Helvering* v. *St. Louis Union Trust Co.*, *supra*, as not determinative of the instant question, upon the ground that it was based upon a consideration of the law of New York respecting taxation of executory disposition under the New York transfer tax statute, that the decision did not hold that the decedent upon executing the trust deed parted with his entire estate and had merely a possibility of reverter, but merely held that a transfer took place when the deed was executed, which transfer, not having been made in contemplation of death, was not subject to the tax; whereas in the instant proceeding, respondent contends, the privilege of succession was not fully exercised by the decedent during her lifetime. *Saltonstall* v. *Saltonstall*, 276 U. S. 260, is cited as authority. Further, we are urged that the distinction between the New York transfer and the Federal estate tax was not brought to the attention of the Court in *Helvering* v. *St. Louis Union Trust Co.*, *supra*, and therefore that that case is not a controlling precedent. Notwithstanding the earnest presentation of distinctions in this interesting question, we are unable to agree that *Helvering* v. *St. Louis Union Trust Co.*, *supra*, does not control here, or that a contingent estate, as in *Klein* v. *United States*, 283 U. S. 231, was provided by the trust instrument here involved. We think it clear that *Helvering* v. *St. Louis Union Trust Co.*, *supra*, and, depending thereon, *Helvering* v. *Wallace*, *supra*, dictate and determine for us that a vested remainder was provided by the trust instrument on June 7, 1924, and that the death of the decedent was not the incident which passed title to the trust fund. In *Helvering* v. *St. Louis Union Trust Co.*, *supra*, there was a definite provision for reversion to grantor, if a beneficiary predeceased settlor, while here the reversion would be because of lack of provision as to disposition of title in case beneficiary predeceases settlor. Yet, therein it was held that grantor had parted with the title and all beneficial interest in the property, retaining no right which would pass to anyone as a result of settlor's death. Obviously, nothing more was retained by the settlor herein; that is, vested interest passed at creation of the trust, and death did not effect the transfer.

This leaves for consideration the question whether, in fact, the trust was created in contemplation of death or with intent that it take effect in possession or enjoyment at or after the settlor's death. The settlor was 84 years old at the time, she parted with practically all of her estate in the trust agreement, the provisions of the trust agreement as to provision for her children were similar to those made in her will in 1915, and her children were financially independent of her; yet there was a family precedent for the trust, since she had benefited for many years by a trust set up by her father,

providing an income for her for life, and up to about the time of creation of the trust here involved, she had been freed from business affairs because of their management by her son, which arrangement terminated shortly before creation of the trust at the son's insistence because he was forced to leave Washington because of his wife's health. The settlor had been accustomed to traveling, was planning more traveling when the trust was created, then stated that she desired to be relieved of financial affairs, and upon completion of the trust instrument stated that she could then travel with a free mind. She lived ten years longer, and then died of pulmonary congestion. It is stipulated that on June 7, 1924, she was in good health both bodily and mentally, for one of her age, and that the creation of the trust was not prompted by any condition of mind or body that would have led her to believe that her death was then imminent or near at hand, or to be expected within the immediate or near future, or by apprehension of, or expectation of, an early demise. Because of the creation of the trust, she filed a return as to gift tax and paid a gift tax of approximately $800, as against a potential estate tax of approximately $1,400, had she died at about the time of creation of the trust, without having created same.

We conclude that death was not the dominating motive in the creation of the trust here involved and that in fact the trust was not created in contemplation of death or with intent that it take effect in possession or enjoyment at the settlor's death. *Colorado National Bank of Denver* v. *Commissioner*, 305 U. S. 23; *United States* v. *Wells*, 283 U. S. 102.

*Decision will be entered for the petitioner.*