CORLISS v. BOWERS, Collector of Internal Revenue.[*]

Circuit Court of Appeals, Second Circuit.
June 24, 1929.

No. 328.

White & Case, of New York City (Joseph M. Hartfield, Russell D. Morrill, and A. C.

[*]Certiorari denied 50 S. Ct. 37, 74 L. Ed. —.

Newlin, all of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge. On December 29, 1922, appellant delivered a trust indenture to the trustee therein named, the Bankers' Trust Company of New York City, together with corporate stocks and securities listed in the schedule annexed to the indenture. It was a trust revocable at any time at the will of the settlor. The trustee was obligated to collect the income from the securities and pay them to the appellant's wife for the term of her life. Upon her death the principal of the trust was then to be paid in equal shares to the appellant's children then living and the issue of any deceased child or children, and in default thereof to such persons as appellant's wife might designate and appoint. The trust was conceded to be valid under the laws of the state of New York. By its terms, the appellant reserved the right, in addition to revocation, to modify or alter in any manner, in whole or in part, the indenture and trust created thereby. The trust remained in this form in 1924, when the income for that year was paid by the trustee to the appellant's wife. The appellant received none of it. In appellant's report of his income for that year, he made note of this trust and the amount of the income, but claimed exemption from tax. He was later assessed $44,687.43, with interest, on the income so paid to his wife, which he has paid under protest and now sues to recover it.

The appellant's contention is that section 219(g)(h) of the act of 1924 (43 Stat. 277 [26 USCA § 960, note]), under which this assessment was made, is unconstitutional, because it requires him to pay a tax upon the income of another, and, if it be constitutional, it is retroactive, and therefore invalid as applied to income for 1924 upon the trust created in 1922. Section 219 provides:

"(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

"(h) Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor."

The moneys paid to the appellant's wife, as income from this trust were taxable to her (Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897) prior to the 1924 act. The trust indenture vested the legal title to the corpus of the estate in the trustee. Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908; Farmers' Loan & Trust Co. v. Bowers (C. C. A.) 29 F.(2d) 14. The present estate vested in the beneficiary, created by this revocable trust, was valid until the power of revocation was exercised. The question here is whether Congress had the power to tax the grantor of the trust for income paid to the beneficiary, where the money, as income in the hands of the trustee, was paid to the beneficiary therein named. In Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. ——, an increase in the value of a gift accruing prior to the time the gift was made, while in the hands of the donor, was held to be subject to a tax to be paid by the donee, when she, at a later date, sold the securities. A husband was held subject to the payment of a tax upon the whole of the income of community property held under a state statute of California, and owned jointly by husband and wife, in United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285.

Section 219, according to the legislative debates, was enacted to "secure clarity and prevent the evasion of taxes by means of estates and trusts." House of Rep. vol. 1, 68th Cong. 1st Session, dealing with H. R. 6715 (1924) Revenue Act; Senate Reports, vol. 1, p. 25 (1924); 68th Congress, 1st Session, vol. 4, pp. 19, 20. Congress, by the Sixteenth Amendment, was granted power to lay and collect taxes on incomes, and we think, under the principle of the cases referred to, it could command a settlor of a revocable trust to pay a tax on income paid to a beneficiary in the scheme of lawful taxation, if the method devised by Congress does not become arbitrary or capricious and violate the Fifth Amendment. A settlor of a revocable trust has a sufficient interest in the

income of the trust and a relation thereto to justify the claim of a necessity for a fair and proper tax imposition requiring the settlor to pay. He, at all times, has the power to make the income derived from the trust his own. To defeat tax evasion, at least the higher surtax, Congress, by this statute, has determined that a grantor, who may change or modify the gift, even to putting an end to its continuance, must pay. By such a trust indenture, the grantor gives and the grantee receives with knowledge of who shall bear the burden of taxation. There is no constitutional reason against subjecting the settlor to such a tax, and the Sixteenth Amendment grants very general taxing power. Brushaber v. Union Pacific R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; Frew v. Bowers (C. C. A.) 12 F.(2d) 625. If the taxation involves reasonableness to meet the desired ends of fair play, it is valid. Nichols v. Coolidge, 274 U. S. at page 542, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081. And when the tax is arbitrary or capricious by reason of the terms of the taxing statute, it becomes void under the Fifth Amendment. Where the trust is revocable, it is not unfair to tax the person who always has a will he may exercise and divert from the recipient a part or all of the income. As was said by us in Mitchel v. Bowers, 15 F.(2d) 287, "Throughout the period the right of disposition remained."

By section 145 of the New York Real Property Law (Consol. Laws, c. 50), where this indenture was made, when the grantor in the conveyance reserves to himself, for his own benefit, a power of revocation, he is deemed the absolute owner of the estate conveyed, so far as the rights of creditors and purchasers are concerned, illustrating how little the beneficiary obtains apart from the income. Under the federal Estate Tax Law the term "gross income" includes trust funds conveyed by a revocable indenture. Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410; Chase Nat. Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405. This is because the grantor at all times had the power to make the funds his, and the nonexercise of the power is as much evidence of testamentary disposition as the exercise would be. The settlor might, if he wished, make each income payment under the grant his own. This he could do by exercising his power of revocation. Congress has expressed a sufficient reason, and from the viewpoint of a Revenue Act it is reasonable, if not commendable. This exercise of power, based upon reason for taxation, is within the power of Congress in its desire to prevent evasion, and gives practical effect to the exercise of its admitted power. Nichols v. Coolidge, supra.

The tax involved here is for the year 1924, and the indenture was made in 1922. It is argued that, even if the statute is valid, it cannot be constitutional as applied to a trust created prior to its effective date. This assumed retroactivity. It does not invalidate the statute. The statute deals with the present condition, with revocability residing in the settlor. Each payment of income which takes place after the passage of the statute is subject to its terms. Therefore, after the effective date of the taxing statute, this income was subject to taxation under its requirements. The taxing statute is not retroactive. Reinecke v. Northern Trust. Co., supra; Chase Nat. Bank v. United States, supra; Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565.

Judgment affirmed.