**EDER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

Nos. 244, 245, 246.

Circuit Court of Appeals, Second Circuit.

July 1, 1943.

pesos in Colombia. But even if we assume that such a transaction was not lawfully possible under the laws of Colombia, or that there would have been an obligation to return to Colombia the dollars thus received, still there can be no denying that the taxpayers could have invested, or spent the "blocked" pesos in Colombia and, as a result, could there have received economic satisfaction. The taxpayer, Phanor J. Eder, must actually have needed to expend some pesos in Colombia during a portion of the taxable year.

There is nothing in the record to show how economic satisfaction in Colombia can be measured in American dollars. Perhaps it can be measured on the basis of the respective price indices in the United States and Colombia, restricting the commodities included in the indices to those which could readily be purchased in Colombia in the taxable year; perhaps there are other available legitimate bases. Absent any showing that there are no such bases, it might perhaps be said that the taxpayers must lose this appeal because they did not discharge their burden of proof. In the circumstances, we consider that such a ruling would be too severe. We therefore remand the case to the Tax Court for further consideration of the appropriate measure of valuation, with leave, of course, to any of the parties to introduce further evidence bearing on that particular subject.

■ We do not agree with taxpayers' argument that inability to expend income in the United States, or to use any portion of it in payment of income taxes, necessarily precludes taxability. In a variety of circumstances it has been held that the fact that the distribution of income is prevented by operation of law, or by agreement among private parties, is no bar to its taxability. See, e.g., Heiner v. Mellon, 304 U.S. 271, 281, 58 S.Ct. 926, 82 L.Ed. 1337; Helvering v. Enright's Estate, 312 U.S. 636, 641, 61 S.Ct. 777, 85 L.Ed. 1093; cf. Helvering v. Bruun, 309 U.S. 461, 60 S.Ct. 631, 84 L.Ed. 864. That the result under the statute here before us may be harsh is no answer to the government's position; the purpose of Congress was to deal harshly with "incorporated pocketbooks, and the motive of a particular taxpayer who has such a "pocketbook" we have held to be irrelevant. O'Sullivan Rubber Co. v. Commissioner, 2 Cir., 120 F.2d 845; In Porto Rico Coal Co. v. Commissioner, 2 Cir., 126 F.2d 212, 213, we said: "It is apparent that the decision of the Board has brought about

Edgar J. Goodrich and Walter J. Brobyn, both of Washington, D. C. (Guggenheimer, Untermyer & Goodrich, of Washington, D. C., of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Newton K. Fox, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■■ We agree with the taxpayers that the Commissioner and the Tax Court were in error in adopting as the value of "blocked" pesos the current rate of exchange for "free" pesos. It does not follow, however, that the taxpayers must win. The evidence does not make it clear whether or not owners of "blocked" pesos could have sold them for dollars to citizens of this country wishing to invest or spend the

a harsh result by imposing a surtax, to say nothing of the penalty for failure to file a return, upon a corporation which had no net income to distribute; but if it finds itself, because of the way it was organized and did its business, within the scope of a statute primarily designed to make the failure to distribute actual net income too expensive to be worthwhile and was, therefore, taxed when it did not in fact do what the statute was aimed to discourage, it must endure its misfortune as best it may."

Interpreting the statute to bring about such a consequence does not render the statute unconstitutional; the Congressional purpose was valid[1] and the method of taxation was a reasonable means to achieve the desired ends.[2]

Remanded.

---

[1] O'Sullivan Rubber Co. v. Commissioner, supra.

[2] Cf. Helvering v. National Grocery Co., 304 U.S. 282, 58 S.Ct. 932, 82 L. Ed. 1346; Heiner v. Mellon, 304 U.S. 271, 58 S.Ct. 926, 82 L.Ed. 1337; Burnet v. Leininger, 285 U.S. 136, 142, 52 S.Ct. 345, 76 L.Ed. 665; Corliss v. Bowers, 2 Cir., 34 F.2d 656, 658, affirmed 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29.