**Stephen S. ZIEGLER, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 07–4206–ag.**

United States Court of Appeals, Second Circuit.

June 26, 2008.

Michael J. Grace, Buchanan, Ingersoll & Rooney PC, Washington, DC, for Appellant.

Teresa T. Milton, Attorney (Nathan J. Hochman, Assistant Attorney General, Attorney, on the brief), Tax Division, United States Department of Justice, Washington, DC, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges, RICHARD M. BERMAN,* District Judge.

## SUMMARY ORDER

Petitioner-appellant Stephen S. Ziegler appeals from a June 27, 2007 decision of the Tax Court concluding that the passive loss limitations rule, 26 U.S.C. § 469, can constitutionally be applied to losses attributable to an investment made by Ziegler before the enactment of the rule. *Ziegler v. Commissioner,* T.C.M. 23638–04, 2007 WL 1837131 (June 27, 2007). We assume the parties' familiarity with the facts and procedural history of the case. On appeal, Ziegler argues that (1) the retroactive application of § 469 to his investment violated his right to due process; (2) applying § 469 to his investment resulted in an unconstitutional taking; and (3) the interim relief afforded by 26 U.S.C. § 502 violated his right to equal protection of the laws.[1]

We review the legal conclusions of the Tax Court *de novo. See, e.g., Reimels v. Commissioner,* 436 F.3d 344, 346 (2d Cir. 2006).

We find no constitutional violation here. We agree with the Tax Court that the application of § 469 was not impermissibly retroactive. By its express terms, § 469's limitations on passive loss deductions applies to losses incurred in the years following its enactment. *See* Pub. L. 104–188, § 1704(d)(2). The fact that Ziegler made

---

* The Honorable Richard M. Berman, Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. At oral argument, Ziegler clarified that he raises an additional challenge, namely that the Tax Court and the Commissioner "coerced" him into abandoning an argument based on the Tax Court's alleged misinterpretation of the applicable regulations. Any such argument is entirely without merit. The record indicates that there was no improper coercion.

the investment associated with the passive activity losses prior to the enactment is of no consequence to the applicability of § 469 here. As we have previously noted, "[e]ach [passive activity loss] which takes place after the passage of the statute is subject to its terms. Therefore, after the effective date of the taxing statute, this [loss] was subject to taxation under its requirements. The taxing statute is not retroactive." *See Corliss v. Bowers*, 34 F.2d 656, 658 (2d Cir.1929). Nor does this change in the Internal Revenue Code violate the Due Process Clause of the Fifth Amendment as an unconstitutional taking because Ziegler did not have a property right to the tax benefits affected by the enactment of § 469.[2] *See Story v. Green*, 978 F.2d 60, 63 (2d Cir.1992) (rejecting a Takings challenge to a change in the tax code). We also conclude that the Tax Court properly rejected Ziegler's equal protection challenge because the interim relief granted by § 502 easily survives rational basis review. *See Madden v. Kentucky*, 309 U.S. 83, 88, 60 S.Ct. 406, 84 L.Ed. 590 (1940). To maintain a successful equal protection challenge, Ziegler must "negative every conceivable basis which might support" the challenged distinction. *Id.* He has failed to raise a single argument in this respect.

For the reasons stated above, the decision of the Tax Court is **AFFIRMED.**

---

2. Ziegler contends that the Tax Court ignored his argument that the change in Internal Revenue Code "destroye[d] all of the Tax Incentives" associated with his investment, thereby eliminating any possibility of return. Ziegler has not established before the Tax Court or our Court that his investment has been rendered valueless by § 469. For instance, the Commissioner suggests that Ziegler will realize some value upon the sale of his invest-

ment. It is irrelevant, for our purposes, whether the tax benefits Ziegler previously enjoyed were reduced or eliminated altogether; the result is the same. *See, e.g., Story v. Green*, 978 F.2d 60, 63 (2d Cir.1992) (concluding that legislation "altering or eliminating" a tax benefit does not violate the Due Process or Takings Clauses of the Constitution).